Billie Joyce HANSON, Plaintiff
and Appellant,

v.

Frederic A. HANSON, Defendant
and Respondent.

No. 11993.

Supreme Court of South Dakota.

Argued Feb. 18, 1977.

Decided April 22, 1977.

Keith R. Smit and John H. Shepard, Morman, Smit, Shepard & Hughes, Sturgis, for plaintiff and appellant.

Thomas E. Simmons, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and respondent.

DUNN, Chief Justice.

This action for divorce was brought in December 1975, on grounds of mental cruelty. Defendant by his answer and counterclaim sought divorce on the same grounds. Trial of the matter was held on April 12, 19 and 21, 1976. A substantial portion of the trial and of the Eighth Judicial Circuit Court's decision concerned the division of the couple's property. The court granted plaintiff the divorce. She appeals the court's division of the property. We reverse and remand.

The parties were married January 6, 1947. They lived with defendant's parents for several months in their home on their ranch. Plaintiff and defendant then moved to a different house elsewhere on the ranch where they lived until November 1973. In 1972, the couple bought and moved a newer

house from the Rapid City flood plain to the location of defendant's parents' former home. There they lived and operated the ranch together from 1973 until the marital separation occurred.

 Among several contentions made by plaintiff on appeal is her claim that the court abused its discretion in making an inequitable distribution of the property. In evaluating such a claim, we must remember that a trial court "is not bound by any mathematical formula but shall make such award from the material factors before [it] having due regard for equity and the circumstances of the parties." *Kressly v. Kressly,* 1958, 77 S.D. 143, 150, 87 N.W.2d 601, 605. Among the factors to be considered are "[t]he duration of the marriage, the value of the property of each, their ages, their health and competency to earn, the contribution of each to the accumulation of the property and the faults and circumstances leading up to the divorce." *Kressly v. Kressly,* 77 S.D. at 148, 87 N.W.2d at 603. A trial court is granted broad discretion in making a property division, *Bolenbaugh v. Bolenbaugh,* 1975, S.D., 237 N.W.2d 12; *Pochop v. Pochop,* 1975, S.D., 233 N.W.2d 806; *Swenson v. Swenson,* 1970, 85 S.D. 320, 181 N.W.2d 864, but must keep in mind these material factors. *Tyler v. Tyler,* S.D., 233 N.W.2d 804.

The court determined the value of the couple's property to be in excess of $400,-000. The 1,190 acres of real estate making up the ranch were valued at $280,500, the two houses at $25,500, the machinery, livestock and grain at $50,378, and the couple's liquid assets at $47,944. The court then awarded custody of the two teenaged children to plaintiff and ordered defendant to pay $125 per month child support until the children reached eighteen or were emancipated. Plaintiff was awarded a lump sum settlement of $100,000. Forty thousand dollars of this was due upon entry of the judgment; the remaining $60,000 was due in installments of $5,000 annually without interest beginning July 1, 1977. Defendant was awarded all of the real property to

enable him "to continue to operate this farm as an ongoing, economically solvent enterprise in order to support himself and provide for the children." Plaintiff was awarded a lien on the real and personal property, with any proceeds from property sold being subtracted from the $60,000 balance due her. No attempt was made to determine the present value of the $60,000 owing during the next twelve years, either by the trial court or by the parties on appeal.

The Hansons had been married twenty-eight years at the time this action was commenced. The trial testimony shows that plaintiff throughout this time helped both by working on the ranch and by contributing her outside income for the purchase of furniture and groceries and for defraying the children's expenses. Substantially all of the couple's property, both real and personal, was obtained by them during their marriage. Eight hundred seventy acres of the real estate were obtained from defendant's parents during the marriage. Defendant testified that he paid his parents $5,000 to $6,000 for a 440-acre piece of property in 1955 and his sister $5,000 for a 430-acre piece in 1959. The remaining 320 acres were purchased from the state in 1955 and 1958.

Both defendant and plaintiff are approximately fifty years old, and defendant has drawn a disability pension since 1963 for a knee injury. It appears their earning capacities apart from the ranch are substantially similar and very limited.

The trial court found that the market value of the real estate had little relationship to the productivity of the land and, in making the award, seemed to lean toward the income approach as a proper settlement. This court has approved the income approach in dividing property and awarding alimony. *Stenberg v. Stenberg,* 1976, S.D., 240 N.W.2d 100. However, the income approach based on the productivity of the ranch according to net income tax reports fails to present a fair picture of income. It does not take into consideration the fringe benefits of the ranching operation such as a house to live in and, more importantly, it does not take into consideration the "growth income" from the increasing value of the land during the twenty-eight years plaintiff was married to defendant and worked and contributed to the joint venture.

■ Evaluating these material factors, we find the division of the property inequitable and an abuse of the court's discretion. While we have in the past expressed a reluctance to require a lump sum payment that would necessitate a sale of a farm and thus put a defendant out of the farming business, *Miller v. Miller,* 1968, 83 S.D. 227, 157 N.W.2d 537, the court must also make an award which is fair to the spouse. *Iverson v. Iverson,* 1976, S.D., 241 N.W.2d 583. Given the duration of the marriage; plaintiff's contributions during the marriage; the accumulation of substantially all of the couple's assets during the marriage; the fact that although a majority of the real estate was obtained from defendant's parents, it was purchased with money earned during their marriage, and much of it was owned jointly by the couple; the large increase in value of the real estate during the marriage; and plaintiff's limited earning capacity, we find the property division unfair. This is particularly evident when we examine the position in which plaintiff is placed by the division. She has custody of two teenaged children and nowhere to live. If she seeks housing comparable to the home on the ranch, she will no doubt use most or all of the $40,000 lump sum award. This will leave her with a family of three to support on $125 per month and her own limited earning potential, plus the additional $60,000 award in payments of $5,000 per year without interest.

In remanding this case to the trial court to attempt to arrive at a more equitable division, we do not order any particular result; however, we do think the award to plaintiff is deficient in the following respects:

(1) By not providing a home for plaintiff to live in and raise two minor chil-

dren of the marriage, either by severing that portion of the ranch on which the new home is located for the plaintiff or by the purchase of a similar home in Sturgis;

(2) By not awarding the $100,000 settlement in full at the time of the divorce (If defendant needed time to pay the additional $60,000 of the award, then it should bear interest at the going rate); and

(3) By not providing child support commensurate with the real cost of feeding, clothing and educating two teen-aged children.

If this cannot be done, the court must acknowledge that an equitable division of the property is paramount to defendant's interest in keeping the ranch intact.

Reversed and remanded.

All the Justices concur.