**Charlean R. GUINDON, Plaintiff and Appellant,**

v.

**Fred V. GUINDON, Defendant and Respondent.**

**No. 11871.**

Supreme Court of South Dakota.

Aug. 17, 1977.

---

Richard W. Sabers of Dana, Golden, Moore & Rasmussen, Sioux Falls, for plaintiff and appellant.

Steve Jorgensen of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for defendant and respondent.

ZASTROW, Justice.

Appellant, Charlean R. Guindon, appeals the temporary alimony and property settlement awarded her in a divorce action against the respondent, Fred Guindon. We reverse and remand for further proceedings.

The appellant and respondent had been married for twenty-eight years prior to their divorce. Although three children were born to the marriage only one is a minor. The respondent was the senior member of a three-man veterinary clinic. Periodically, appellant was employed as a clerk in her husband's veterinary clinic. Neither party had much property at the time of marriage, nor had either party received any substantial gifts or inheritances during the marriage. The testimony at trial revealed that the appellant had helped support the respondent while he was attending veterinary school and had actively assisted her husband in amassing their personal wealth. At the time of the trial, the appellant was completing her final year of college and intending to obtain a teaching certificate.

After a review of the evidence submitted to the court, findings of fact, conclusions of law and a divorce decree were entered. The court awarded a divorce to the appellant on the grounds of comparative rectitude.[1] The judgment, after granting a divorce to the appellant, provided: (1) $400

---

1. "The doctrine of comparative rectitude may be defined as the principle that where both parties are guilty of misconduct for which a divorce may be granted, the court will grant a divorce to the one who is less at fault." 24 Am.Jur.2d, Divorce and Separation, § 228.

per month alimony until appellant completed her college education, not exceeding two years; (2) the respondent was to pay all taxes and one-half of the maintenance expenses on the family residence; (3) the appellant was to have use of the residence until their minor son reaches his majority or the appellant completes her college education, at which time the house would be sold and the proceeds divided equally between the appellant and respondent; (4) the respondent was obligated to pay $150 per month child support; (5) the appellant received all of the personal property presently located in the family residence, a 1973 Pontiac Grand Ville, and 2000 shares of Investor's Mutual, Inc.; (6) the respondent was to keep in effect a $35,000 permanent life insurance policy and have as beneficiaries the appellant and their minor son; after the minor son reaches his majority, his name as beneficiary was to be removed and the appellant was to remain as the sole beneficiary until she died or remarried; and (7) $1,300 in attorney fees was awarded to the appellant in addition to prior fees awarded by an interim court order.

The respondent was awarded a 1974 Pontiac Ventura, 548 shares in Investor's Stock Fund, Inc., shares in IDS McCollock Oil Exploration Stock, a 1974 Detroiter Mobile Home (subject to a mortgage), farm acreage valued at $8,000, livestock valued at $700, various equipment valued at $2,000, a 1973 pickup with veterinary equipment box, and one-half interest in the family residence.

The appellant claims that she should have been granted larger and lengthier alimony payments and a larger property settlement. The appellant specifically contends that the trial court abused its discretion in establishing low values for various assets which were awarded to the respondent, and in not including as assets of the marriage (1) the respondent's shares of stock in the professional veterinary corporation, (2) his one-

third share in a real estate partnership, and (3) twelve tons of hay and oats. Finally, the appellant submits that the trial court wrongly concluded and required the respondent to assume a "debt" when it was in fact a note payable to the respondent.

■ It is settled law in South Dakota that this reviewing court will not disturb an award of alimony or a division of property unless it clearly appears that the trial court abused its discretion in entering its judgment. SDCL 25–4–41; SDCL 25–4–44; SDCL 15–6–52(a); *Rock v. Rock*, 1975, S.D., 236 N.W.2d 191; *Stenberg v. Stenberg*, 1976, S.D., 240 N.W.2d 100.

■ This court does not "sit as a trier of fact, and thus we will not attempt to place a valuation on any of the assets involved in the property settlement. Rather, our review is limited to whether the trial court divided the assets in an equitable manner." *Stenberg v. Stenberg*, supra. However, the trial court must place a value upon all of the property held by the parties and make an equitable distribution of that property. The evidence presented shows that the veterinary clinic corporation did own business equipment and inventory and that the corporate shares did have some value. The real estate investment partnership clearly held an equitable interest of $15,000 or more in the lot and building it leased to the veterinary clinic corporation.[2] However, the trial court failed to place any value upon the respondent's interest in the corporation or partnership.

The trial court made no finding of fact that the debt owed by Dr. Lounsberry was or was not an asset of the respondent. The respondent did not directly dispute the appellant's assertion that Dr. Lounsberry owed the respondent $8,000. Instead, he stated: "Maybe she's right. Maybe she's wrong." He did, however, testify that Dr. Lounsberry had paid $3,750 in 1974 and

2. There is no evidence in the record which shows the existence of twelve tons of hay and oats at the commencement of the action. The record reveals only that in the past hay and oats of that quantity may have been kept as feed for respondent's livestock. We conclude that the court's failure to assign a value to hay and oats which did not appear to exist was not error.

$850 "last year." The evidence of the amount and current status of the obligation was in dispute and necessitated a determination and finding of fact by the trial court.[3]

Applying the previously stated rules, we conclude from examining the record that the trial court did not abuse its discretion in the values assigned to the assets set forth in the findings of fact and conclusions of law; but by not valuing as assets the respondent's corporate shares in the veterinary clinic and respondent's interest in the real estate investment partnership, in failing to make a finding of fact regarding the obligation of Dr. Lounsberry, and in not including those assets, the property division made by the judgment must be considered an abuse of discretion. We will not set a value upon these assets, for that is the responsibility of the trial court that has had the opportunity to hear the testimony and observe the witnesses.

For these reasons, the judgment as it relates to the division of marital property is reversed and the matter is remanded to the trial court with directions for the inclusion and valuation of the assets omitted and for the equitable division of the marital property as thereby supplemented.

The appellant's contention that the amount and length of time of alimony is inadequate is a more difficult problem to pass upon. The alimony here was not granted as part of the property division;[4] rather, it appears to have been an attempt by the trial court to fulfill its responsibility to equitably adjust the economic resources of the parties and allow them to reconstruct their lives in a reasonable manner. Alimony will not be awarded in such an amount as would allow a wife capable of work to sit in idleness, nor will it be denied merely because she may be able to obtain employment and support herself.

The amount and length of alimony payments is therefore left to the discretion of the trial court. SDCL 25-4-41. The factors for consideration in exercising that discretion are similar to those used in the property division, i. e., (1) the length of the marriage; (2) their respective earning capacity; (3) their respective financial condition after the property division; (4) their respective age, health and physical condition; (5) their station in life or social standing; and (6) the relative fault of the parties in the termination of the marriage. 27A C.J.S. Divorce § 233(1), et seq.; 24 Am. Jur.2d, Divorce and Separation, § 630, et seq.; Annot., 1 A.L.R.3d 6; see also, *Hanson v. Hanson*, 1977, S.D., 252 N.W.2d 907.

In this situation, it appears that the trial judge correctly determined that the appellant was entitled to alimony. The parties had been married for some twenty-eight years, during which time the appellant worked while the respondent attended veterinary college. She had also acted as the bookkeeper for the veterinary clinic during its formative years. The respondent has had a steadily increasing income which in 1975 reached $36,000, while the appellant has had no income of consequence and little training to allow her to obtain an income comparable to the respondent. The respondent had received a substantial proportion of the income producing property; the parties had established and maintained an upper middle-class standard of living; and the court found the fault for the divorce to be with the respondent. SDCL 25-4-41.[5]

---

3. The trial court's memorandum decision indicated that the respondent would "be liable on the debt incurred in his business to Dr. Lounsberry." It was not included in the findings or judgment and is not supported by the evidence. There is no evidence that the respondent owed Dr. Lounsberry anything, only that Dr. Lounsberry owed the respondent $5,000 to $8,000 which may or may not have been paid in full;

that question should have been decided by the trial court.

4. See *Vaughn v. Vaughn*, 1977, S.D., 252 N.W.2d 910.

5. We note that SDCL 25-4-41 has been amended effective July 1, 1977, as follows: "Where a divorce is granted, the court may compel one party to make such suitable allowance to the

■ The award of $400 per month alimony, the rent-free use of the family home, and payment of all property taxes and one-half of the maintenance costs on the home by the respondent were reasonable under the circumstances. However, we find that the termination of all of the alimony two years after the divorce decree was an abuse of discretion. Apparently, the trial court assumed that the appellant would complete her college education and òbtain a teacher's certificate and employment, and, thus, become self-supporting after two years. Such an assumption is highly speculative; the appellant will be in her early 50's, without prior teaching experience and entering into a highly competitive employment market.

■ Although an alimony decree can be modified upon application to the trial court, modification will only be made upon a showing of a change in circumstances. *Vert v. Vert*, 1893, 3 S.D. 619, 54 N.W. 655; *Lines v. Lines*, 1943, 69 S.D. 299, 9 N.W.2d 705; *Guinter v. Guinter*, 1949, 72 S.D. 554, 37 N.W.2d 452. If the appellant does not complete her education or is unable to obtain suitable employment, the circumstances will not have changed. She would then very probably be denied a modification for an inability to show such a change; this we feel is unreasonable under the circumstances.

Furthermore, it appears that the trial court contemplated the necessity of future financial support for the appellant when it ordered the respondent to maintain a $35,000 life insurance policy with the appellant as the beneficiary beyond the child support and alimony periods. The termination of alimony after two years is wholly inconsistent with the maintenance of the insurance policy.

■ Under these circumstances, under SDCL 15–30–2, we modify the alimony provision to provide for its continuation until the death or remarriage of the appellant. See *Kressly v. Kressly*, 1958, 77 S.D. 143, 87 N.W.2d 601; *Vaughn v. Vaughn*, 1977, S.D., 252 N.W.2d 910. The respondent makes dire predictions of the future decrease in his income. If his income should decrease and/or the appellant's income increase, he may petition the trial court for a modification under such a change of circumstances.

The judgment as it relates to the property division is reversed and remanded for further proceedings consistent with this opinion, and the judgment as to the alimony as modified is affirmed.

All the Justices concur.

---

other party for support during the life of that other party or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects."