**Lou Vena HANSEN, Plaintiff and Appellant,**

v.

**Lawrence E. HANSEN, Defendant and Respondent.**

**No. 12292.**

Supreme Court of South Dakota.

Decided Jan. 5, 1979.

Rehearing Denied Feb. 12, 1979.

W. R. McCann, of McCann, Martin & Mickelson, Brookings, for plaintiff and appellant.

LeWayne M. Erickson, of Erickson & Kessler, Brookings, for defendant and respondent.

PER CURIAM.

This is an appeal from a judgment of the trial court granting Lou Vena Hansen (plaintiff) a divorce from Lawrence E. Hansen (defendant) on the ground of extreme cruelty. Plaintiff appeals from that portion of the judgment dividing the property, awarding alimony, and allowing attorney fees and costs. The judgment is affirmed in part as modified, and reversed and remanded in part.

The parties were married at Concordia, Kansas, on October 10, 1948. One child was born as issue of the marriage and was of the age of legal majority at the time of the supplemental hearing after the trial in this matter. At the time the judgment was rendered, both parties were 48 years old and were in reasonably good health. Plaintiff was employed as a clerk at a drug store in Brookings, South Dakota and defendant was the manager of the Brookings J. C. Penney store.

The action was commenced by plaintiff on September 27, 1973. A trial was held to the court on November 22, 1974. The parties attempted a reconciliation prior to judgment which failed and a supplemental trial was held on January 20, 1977. The trial court granted a divorce to plaintiff on the ground of extreme cruelty. Judgment was rendered dividing the marital property, awarding alimony, requiring maintenance of life insurance, and allowing attorney fees and costs.

■ In reviewing the division of property and award of alimony, we recognize the fact that the trial court has broad discretion in making such division and granting such award and we will not modify or set them aside unless it clearly appears that the trial court abused its discretion. *Wall v. Wall*, 1977, S.D., 260 N.W.2d 644, 644–646; *Hanson v. Hanson*, 1977, S.D., 252 N.W.2d 907, 908; *Stenberg v. Stenberg*, 1976, S.D., 240 N.W.2d 100, 101.

■ With regard to the division of property, we have enumerated the principal factors to be considered by the trial court as follows: the duration of the marriage, value of the property, the ages of the parties, the parties' state of health and competency to earn a living, the contribution of each party to the accumulation of the property, and the income-producing capacity of the parties' assets. *Wall v. Wall*, supra; *Hanson v. Hanson*, supra; *Stenberg v. Stenberg*, supra; *Kressly v. Kressly*, 1958, 77 S.D. 143, 87 N.W.2d 601.[1] The trial court must make the division of property on the basis of these principal factors while having due regard for equity and the circumstances of the parties. SDCL 25–4–44; *Hanson*, supra.

Regarding the first factor, the Hansens had been married for some twenty-eight years at the time of the supplemental trial. One son was born of the marriage who was the age of majority at the time of trial.

Turning to the factors of age, health, and earning capacity, the parties are 48 years old and both parties enjoy reasonably good health. Defendant's earning capacity was about four to five times that of plaintiff's earning capacity.[2]

The Hansens were married at a relatively young age and they came into the marriage with no property of any substance. The property existing at the time of the divorce trial was accumulated during the course of the marriage. Plaintiff was employed during the marriage with the exception of the years of the son's infancy and she contributed her earnings to the support and maintenance of the family. She also made the valuable contribution of doing the domestic chores at home and raising a child. Plaintiff clearly contributed in a substantive manner to the accumulation of the marital property.

---

1. These cases predate the enactment of Chapter 165, Session Laws of 1976, now SDCL 25–4–45.1, which restricts the consideration of fault as a factor in the division of property.

2. Our basis is the trial court's comparison of annual incomes for three calendar years as follows:

| YEAR | PLAINTIFF | DEFENDANT |
|------|-----------|-----------|
| 1974 | $ 3,894 | $ 21,000 |
| 1975 | 4,070 | 18,950 |
| 1976 | 4,620 | 21,758 |

Fault has no substantive bearing in this case because such is not relevant to the acquisition of the marital property. SDCL 25-4-45.1. Further, since the parties are wage-earners and do not possess extensive property, their assets have no significant income-producing capacity.

■ With regard to valuation of the property, our standard of review is limited to whether the trial court divided the property in an equitable manner and, absent a clearly erroneous finding regarding valuation, we will not attempt to place a valuation on the assets because that task is within the province of the trier of fact. *Guindon v. Guindon*, 1977, S.D., 256 N.W.2d 894; *Stenberg*, supra. The trial court scrutinized the values of the marital property at great length and arrived at a net value of roughly $75,000.[3] The following division of the assets (excluding the personal residence) was made by the trial court:[4]

### To Lou Vena Hansen

| | |
|---|---|
| Household goods and furnishings | $ 4,300 |
| Oldsmobile | 3,250 |
| Sterling silver and coins | 2,200 |
| Joint checking account | 49 |
| One-half proceeds on sale of boat, motor and trailer | 380 |
| Total | $ 10,179 |

### To Lawrence E. Hansen

| | |
|---|---|
| Pickup truck | $ 1,800 |
| Kawasaki motorcycle | 2,030 |
| Mobile home | 3,600 |

### To Lawrence E. Hansen

| | |
|---|---|
| J. C. Penney Company stock | 1,400 |
| J. C. Penney Retirement Account (Stock and cash fully vested but not payable until retirement) | 38,832 |
| One-half proceeds on sale of boat, motor and trailer | 380 |
| Total | $ 48,042 |

The trial court ordered the personal residence sold because of the finding that the maintenance of the house and payments thereon would be very burdensome to either of the parties. The mortgage, taxes, and costs of the sale were to be satisfied from the proceeds of the sale and one-half of the balance was to be distributed to plaintiff. The remaining one-half of the balance was to be applied to the balance of the liabilities set forth in the listing of the marital property.[5] The remaining balance, if any, was to be given to defendant.

■ It appears that the trial court attempted to use the distribution of proceeds from the sale of the personal residence to offset the disparity created in the division of property upon the retention by defendant of his retirement account at his place of employment. Our calculations, however, indicate that after the sale of the house and distribution of the proceeds of the sale, the division of the assets results in approximately a one-third/two-thirds split for plaintiff and defendant, respectively. This is the result of the fact that the retirement

---

**3.** Specifically, the trial court listed the assets and liabilities of the parties as follows:

#### ASSETS

| | |
|---|---|
| Personal residence | $ 59,000 |
| Oldsmobile | 3,250 |
| Ford pickup | 1,800 |
| 1975 Kawasaki 900 cycle | 2,030 |
| Household goods | 4,300 |
| Cash value of life insurance | 997 |
| Balance of proceeds from sale of boat, motor and trailer | 760 |
| J. C. Penney stock (28 shares) | 1,400 |
| Mobile home | 3,600 |
| Joint checking account | 49 |
| J. C. Penney Company Retirement Account: | |
| Stock fully vested | 21,435 |
| Cash fully vested | 17,397 |
| Total | $ 166,018 |

#### LIABILITIES

| | |
|---|---|
| Northwestern National Bank | $ 10,650 |
| Brookings Savings & Loan Association | 29,530 |
| Taxes (1975–76) | 1,800 |
| General obligations | 1,000 |
| Total | $ 42,980 |
| Net Estate | $ 73,038 |

**4.** The trial court added the sterling silver and coins upon division of the assets but excluded same from the net value computations. See note 3, supra. The face value of the life insurance was excluded from the division of assets. The trial court ordered defendant to keep the policy on his life naming plaintiff as the primary beneficiary in effect in a declining face amount over a period of sixteen years.

**5.** See note 3, supra.

account value has vested in defendant but is not payable until his retirement. Based upon our review of the factors involved, we must conclude that the trial court abused its discretion in the division of property. We remand the property division to the trial court for a determination of the present value of the right to receive the retirement account upon retirement. The present value should be included in the property valuation and, if necessary, an equitable division may include a cash settlement payable in installments with interest.

■ Our review of the alimony award is based upon the underlying fact that the trial court has discretion in determining the amount and the length of payments. SDCL 25–4–41. The factors the trial court must utilize in the exercise of its discretion are similar to those used in determining the division of property and further include the parties' standard of living and their respective financial conditions after the property division. *Guindon v. Guindon,* supra.

■ The trial court awarded alimony to the plaintiff in the amount of $190 per month which is an inadequate provision for the support and maintenance of plaintiff and not in full accordance with the guidelines set forth in our *Guindon* opinion. Plaintiff is entitled to an amount which will enable her to maintain a reasonable standard of living. This depends, of course, on the standard to which she is accustomed and on the earning capacities of the parties. She was accustomed to a family income of roughly $25,000 and a three-bedroom home worth approximately $60,000. The trial court award of $190 per month coupled with her meager store clerk wages amounts to $470 per month which falls far below the amount necessary to maintain a reasonable standard of living. Therefore, the trial court abused its discretion in its award of alimony and an increased amount is warranted. This is especially true in light of the fact that the parties were 48 years old and had been married for 28 years at the time of trial. Also, defendant has a sub-

stantially greater earning capacity than plaintiff. Accordingly, we revise the amount of alimony awarded to plaintiff to $400 per month and the judgment of the trial court shall be modified to reflect such revision. SDCL 25–4–46.

■ Regarding plaintiff's further contention that the award of attorney fees and costs to plaintiff was inequitable and insufficient, we fully recognize that such an award rests in the sound discretion of the trial court. SDCL 15–17–7; *Rock v. Rock,* 1975, S.D., 236 N.W.2d 191; *Pochop v. Pochop,* 1975, S.D., 233 N.W.2d 806; *Kressly v. Kressly,* 1958, 77 S.D. 143, 87 N.W.2d 601; *Baron v. Baron,* 1947, 71 S.D. 641, 28 N.W.2d 836. We have no reason to conclude that the trial court has abused its discretion in regard to the award of attorney fees of $500.[6]

That portion of the judgment of the trial court regarding the division of property is reversed and remanded to the trial court for further valuation and an equitable division in conformity with this opinion. The portion of the judgment of the trial court regarding alimony is affirmed as modified and the portion of the judgment regarding attorney fees is affirmed.

6. The record indicates that plaintiff's counsel responded to the trial court's inquiry as to the estimated amount of attorney fees by stating "at least $750". Counsel further indicated that defendant paid some $230 at the outset of the proceedings for attorney fees and costs.