Donna M. PRICE, Plaintiff
and Appellant,

v.

Thomas R. PRICE, Defendant
and Respondent.

No. 12538.

Supreme Court of South Dakota.

Argued March 20, 1979.

Decided May 3, 1979.

**456**

William J. Ellingson, Flandreau, for plaintiff and appellant.

John A. Shaeffer, Flandreau, for defendant and respondent.

DUNN, Justice.

This is an appeal from a judgment of the trial court granting Donna Price (plaintiff) a divorce from Thomas Price (defendant). Plaintiff appeals from the property division, alimony, and child support provisions of the judgment. We reverse and remand.

The parties were married on November 23, 1957. Five children were born of the marriage, i. e., Steven, Julie, Laurie, Lisa, and Thomas. Their ages at the time of the divorce trial were 19, 17, 16, 11, and 6, respectively. At the time the judgment was rendered, plaintiff was thirty-five years of age and defendant was thirty-seven years of age. Both parties were in reasonably good health. Plaintiff was employed part-time as a waitress in a cafe in Flandreau, South Dakota, and defendant was employed at Sioux Valley Power Electric Association in Colman, South Dakota, and farmed a section of land west of Flandreau. The parties' home was located on ten acres of land about one mile west of Flandreau and adjacent to the land that defendant farmed.

Plaintiff filed for divorce on July 25, 1977. The trial court entered a temporary order on August 9, 1977, awarding custody of the three youngest children to plaintiff and providing that defendant pay $350 per month for their support. A trial was held to the court on March 6, 1978, and judgment was entered on May 10, 1978. The trial court granted plaintiff a divorce upon the ground of extreme cruelty and awarded custody of the three youngest children to her subject to reasonable visitation rights of defendant. Plaintiff was awarded her personal property and a 1971 automobile. Defendant was awarded the family home, the acreage, his personal property, the farm equipment, a gold wedding band, and the checking and savings accounts. Defendant was to maintain health insurance for the benefit of the children and life insurance naming the children as beneficiaries until the youngest child reached the age of majority. Defendant was to be responsible for the marital debts incurred prior to the separation, plus the children's medical costs which were approved by defendant. The trial court further gave defendant the option of paying plaintiff a lump sum property settlement, plus child support, or, in the alternative, alimony and child support. Defendant chose to pay alimony and child support. Plaintiff appeals from the trial court judgment and contends that by providing a judgment in the alternative to defendant the trial court abused its discretion in effectively denying plaintiff a prop-

erty settlement and reasonable child support.

In our review of these matters, we are cognizant of the fact that the trial court has broad discretion, and we will not modify or set aside the judgment of the trial court unless it clearly appears that the court has abused its discretion. *Hansen v. Hansen*, 1979, S.D., 273 N.W.2d 749; *Kittelson v. Kittelson*, 1978, S.D., 272 N.W.2d 86. The inequities in this divorce decree, however, require a remand for several reasons.

The plaintiff was turned out of the family home after twenty years of marriage with the responsibility of raising defendant's three minor children under a decree providing: (1) that plaintiff receive an automobile valued at $1,500 out of the total jointly-earned assets of $43,454.12; (2) that plaintiff be awarded $50 per child per month as child support; (3) that plaintiff be awarded $400 per month alimony, decreasing $100 per month as each child reaches majority; and (4) that plaintiff pay her own attorney fees and other debts incurred from the date of separation. All this in spite of the fact that defendant was earning take-home pay of almost $1,000 per month from his employment at Sioux Valley, plus income from farming a section of land. In addition, defendant has some $4,000 built up in retirement benefits from Sioux Valley and also has an automatic savings account with Sioux Valley in the amount of $4,000. In contrast, plaintiff has no home, no cash, accumulated debts of some $800 since the separation, and an earning capacity of $50 per week as a waitress. And she has the responsibility of furnishing food, clothing, lodging and education for the three minor children. Under these circumstances, we find that there was an abuse of discretion by the trial court.

In passing on the judgment entered, we would give a word of caution as to the optional terms offered to the defendant by the trial court. It should be noted that plaintiff was given no options in this unusual judgment, and defendant was permitted to pick the method that was best for him. Actually, the first option offered to the defendant of paying plaintiff a lump sum payment of $18,000, plus child support of $100 per month per minor child would have provided for plaintiff's immediate needs far better than the second because it would have enabled her to at least make a down payment on a house in which to raise the family and it provided for child support in a more reasonable amount. Even option one is inadequate in terms of the settlement of jointly-earned property, in alimony not based upon need and earning capacities of the parties, and in not providing attorney fees for the plaintiff. In any event, the plaintiff was given no option, and we have to deal with the judgment as entered.

The trial court is authorized to make an equitable division of the property belonging to the parties, and it must have regard for equity and the circumstances of the parties in making such property division. SDCL 25-4-44. In this regard, we have enumerated the principal factors to be considered by the trial court as follows: the duration of the marriage, value of the property, the ages of the parties, the state of health of the parties, the competency to earn a living, the contribution of each party to the accumulation of the property, and the income-producing capacity of the parties' assets. *Hansen v. Hansen*, supra; *Kittelson v. Kittelson*, supra; *Wall v. Wall*, 1977, S.D., 260 N.W.2d 644; *Hanson v. Hanson*, 1977, S.D., 252 N.W.2d 907; *Stenberg v. Stenberg*, 1976, S.D., 240 N.W.2d 100; *Kressly v. Kressly*, 1958, 77 S.D. 143, 87 N.W.2d 601.

The parties had been married for twenty years, and during that time five children were born as issue of the marriage. The parties were still young and in reasonably good health, although there is evidence that plaintiff is in need of surgery on her leg. The record indicates that defendant's take-home pay, excluding farm income, is $976.23 per month whereas plaintiff's gross income is $50.88 per week. Defendant's earning capacity is clearly greater than that of plaintiff, especially due to the fact that plaintiff did not finish her high school education due to the marriage and she has had no vocational training.

The parties were married at a very young age, and they came into the marriage with no property of any substance. Therefore, the property existing at the time of the divorce trial was accumulated during the course of the marriage. Defendant contributed to the accumulation of the property through his salary earnings and labor on the farm. Plaintiff contributed as many mothers and housewives do, i. e., by raising the five children, cooking the family's meals, washing their clothing, etc. The record also indicated that plaintiff held various jobs during the marriage, such as working at a hospital, baby-sitting in the home, taking in ironing, laboring in an electronics firm, and participating in a substantial way in the janitorial service that was a family venture while they were living in Madison, South Dakota. Plaintiff's testimony reflects that much of the money she earned from these various jobs was spent on clothing for members of the family. Each of the parties contributed to the accumulation of the marital property in a substantive manner.

We will not discuss the faults and circumstances leading up to the divorce as a factor to be considered in the analysis of the property division, because fault was not relevant to the acquisition of the marital property. SDCL 25-4-45.1.

Regarding valuation of the marital property, the trial court arrived at a net value of $43,454.12. The specific valuation is as follows:

| | |
|---|---|
| Residence and real estate | $ 59,000.00 |
| Grain (soybeans, corn, and oats) | 9,837.00 |
| Miscellaneous farm machinery | 6,204.00 |
| Savings account balance | 45.76 |
| Checking account balance | 500.00 |
| Employment retirement plan benefits balance | 3,288.00 |
| Employment savings program balance | 3,126.16 |
| Personal judgment outstanding | 2,178.20 |
| Livestock | 725.00 |
| 1964 Ford | 50.00 |
| 1971 Oldsmobile | 1,500.00 |
| TOTAL ASSETS | $ 86,454.12 |
| Less Debts | 43,000.00 |
| NET WORTH | $ 43,454.12 |

This valuation by the trial court does not appear to be clearly erroneous on the record. Accordingly, we will not disturb the trial court's finding as to valuation, and we will limit our review to whether the trial court divided the property in an equitable manner. Hansen v. Hansen, supra; Kittelson v. Kittelson, supra; Guindon v. Guindon, 1977, S.D., 256 N.W.2d 894. On the basis of this valuation and the judgment of the trial court dividing the property, plaintiff received an automobile valued at $1,500 and defendant received substantially all the remaining property valued at $41,954.12 after the debts were subtracted. Plaintiff received approximately three percent of the net worth of the marital assets without the benefit of a balancing factor, such as a lump sum settlement as the result of the trial court's judgment which made such a settlement optional with defendant.

The foregoing review of the factors involved and the resulting economic disparity between the parties leads us to the conclusion that the marital assets have not been divided in an equitable manner and the trial court has abused its discretion. Therefore, we must remand the property division to the trial court for a more equitable division which can be accomplished by redividing the assets or by ordering a lump sum settlement payable in installments to compensate for the disparity.

Plaintiff further contends that the judgment of the trial court denied plaintiff reasonable child support. According to the unusual judgment, defendant was left to choose whether he wished to pay an $18,000 property settlement, plus child support of $100 per month per minor child, or, in the alternative, to pay child support of $50 per month per minor child and alimony of $400 per month decreased $100 per month as each child reached the age of majority. Although we recognize that awarding alimony and child support payments are in the trial court's discretion, we must stress that alimony and child support are separate concepts. Child support provides for the maintenance of the children while alimony represents a suitable allowance to a party for his/her support. SDCL 25-4-41, 25-4-45. The amount of the ali-

mony award should not be governed by the number of minor children that are in the household, rather the amount should reflect what is required after an analysis of the factors prescribed in *Guindon v. Guindon*, supra, for a suitable allowance to plaintiff. Inasmuch as the alimony award fluctuated with the child support, we must remand the alimony award to the trial court for further consideration based solely upon a suitable allowance to plaintiff independent of the child support consideration. We must also remand the child support award to the trial court for similar reasons, i. e., it appears that the trial court did not primarily consider the maintenance of the minor children in setting the amount of child support at $100 per month per minor child and then, in the alternative, set the amount at $50 per month per minor child accompanied with decreases in alimony of $100 per month as each child reached the age of majority. Each question must be considered separately, and defendant's parental responsibility to provide for the maintenance of his children on the basis of the *Guindon* factors should not be interwoven with his marital obligation to plaintiff to provide a suitable allowance for her support.

Plaintiff also requests that defendant be ordered to pay reasonable attorney fees for the trial of the case and this appeal. In view of the respective earning capacities of plaintiff and defendant and the financial responsibilities that each has under the decree, we find this to be a reasonable request. On remand, plaintiff should be awarded reasonable attorney fees for the trial and for the appeal to this court.

The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this decision.

WOLLMAN, C. J., and MORGAN and HENDERSON, JJ., concur.

FOSHEIM, J., concurs specially.

FOSHEIM, Justice (concurring specially).

I agree that this case must be reversed. The second option, which the trial court offered to defendant, and which he understandably accepted, should be nullified for the reasons expressed in the majority opinion.

In my opinion, however, the remand should simply direct that the trial court's first option offered to defendant be adopted without further proceedings. That option, which reflected the observations of the trial court, was well within tolerances of discretion. We should, when possible, give effect to conclusions drawn with the benefit of that advantage. Had the trial court decided this case solely on the first option, the judgment would, in my opinion, have withstood any challenge for abuse of discretion.