**Ruby L. MORRISON, Plaintiff and Appellant,**

v.

**Howard W. MORRISON, Defendant and Appellee.**

No. 12748.

Supreme Court of South Dakota.

Submitted March 13, 1980.

Decided Oct. 1, 1980.

William J. Nevin of Thorstenson Law Office, Rapid City, for plaintiff and appellant.

J. Crisman Palmer of Gunderson & Palmer, Rapid City, for defendant and appellee.

WOLLMAN, Chief Justice.

This is an appeal from that portion of the judgment of divorce that divided the property of the parties. We reverse in part and remand for further findings.

The parties, who were forty–nine years old at the time of the marriage, were married on July 1, 1970. Both had lost their first spouses by death. Plaintiff had taught school for a number of years in Huron. She owned a home in Huron, together with a farm in Beadle County. Defendant had been employed for a number of years by the South Dakota Department of Game, Fish and Parks. He owned a home in Watertown, together with some rural property in Codington County.

Following the marriage, defendant's job classification was abolished through reorganization. In late 1970, the parties decided to jointly purchase certain real property, referred to as "Headwaters," on Little Spearfish Creek in Lawrence County to be operated as a summer campground and a trout fishery. Both parties contributed to the purchase price of this property.

Plaintiff retained her teaching position in Huron, spending weekends and summers with defendant at Headwaters. Defendant resided at Headwaters throughout the year.

As a part of the operation of Headwaters, defendant constructed several ponds, which

he stocked with trout that he later sold commercially.

The trial court found, and the evidence establishes, that the parties entered into the marriage with the clear understanding that they would retain separate ownership of their respective property and that they would share equally in all property acquired through their joint contributions during the course of the marriage.

Although plaintiff alleges other short-comings in the trial court's division of the parties' property, the only claim that we find to be of merit is her contention that the trial court erred in failing to place a value on the trout in the ponds that formed a part of Headwaters.

In the fall of 1976, defendant obtained two appraisals of Headwaters. The first appraisal, which the trial court adopted, contained this less–than–enlightening reference to the trout: "Note: –The fish make for a fish story so not to cause any debait [sic] I have left all fish off of the value of subject property and considered them as personal property."

The second appraisal placed a value of $6,000 on what the appraiser found were approximately 18,000 trout on the property. Defendant himself acknowledged that there were some 14,000 trout on the property and that they had a value of $450 per thousand.

The trial court's finding on this issue states:

> That the property known as Headwaters is valued at One Hundred Sixteen Thousand Two Hundred Eighteen Dollars ($116,218.00), based on the appraisal of Ray Murray and Jerry Chaffee dated November 23, 1976, which appraisal does not place a value on the fish.

In *Guindon v. Guindon*, 256 N.W.2d 894, 897 (S.D. 1977), we held that "the trial court must place a value upon all of the property held by the parties and make an equitable distribution of that property."

Although it is true that the appraisal adopted by the trial court places no value on the fish, in view of the note appended to the appraisal we find that that omission does not signify that the fish had no value. Indeed, in view of defendant's testimony, it appears to be undisputed that the fish had more than nominal value. Accordingly, in keeping with our decision in the *Guindon* case, the trial court should have made a specific finding regarding the value of the omitted property and then awarded plaintiff her rightful share of that value.

Plaintiff contends that the trial court erred in failing to find that she had made disproportionate contributions to the purchase of the Headwaters property and in failing to find that she had in fact contributed to the purchase of other property purchased by defendant. These matters were gone into in detail during the course of the trial. No useful purpose would be served by a recitation of the evidence upon which the trial court based its findings. Suffice it to say that our review of the record does not persuade us that the trial court abused its discretion with respect to the matters complained of.

Insofar as the judgment does not reflect an award to plaintiff of her proportional share of the value of the fish, the judgment is reversed, and the case is remanded to the circuit court for further findings and for entry of an appropriate judgment.

All the Justices concur.