**Thomas F. PARK, Plaintiff and Appellee,**

v.

**Sheris R. PARK, Defendant and Appellant.**

**No. 13065.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1980.

Decided Aug. 26, 1981.

David Olson, Rapid City, for plaintiff and appellee.

David J. Stanton, Rapid City, for defendant and appellant.

PER CURIAM.

Sheris Park (defendant) appeals from a judgment and decree of divorce. Thomas Park (plaintiff) was granted the residence of the parties and ordered to pay $130 per month child support, $1500 lump sum alimony, and $700 attorney fees. We affirm in part, reverse in part, and remand.

Plaintiff and defendant were married on June 16, 1979, because defendant was pregnant. The parties lived together for one month. Plaintiff left the residence because of defendant's violent conduct, and commenced this divorce action on July 19, 1979. The child was born on February 4, 1980. On March 14, 1980, the trial court granted a decree of divorce to both parties; defendant was awarded custody of the child.

Plaintiff is a twenty-seven year old mechanic earning a net income of approximately $13,000 annually. Although the transcript and record are not entirely clear, it is apparent that his gross income is at least $19,000. At the time of this action, defendant was twenty-eight years old. During the marriage she worked as a bookkeeper, earning $2.90 per hour, and as a licensed babysitter.

■ Defendant argues that the award of child support is inadequate. We agree. Though plaintiff has other debts, his responsibility of support to his child is paramount. See *Matthews v. Matthews*, 71 S.D. 115, 22 N.W.2d 27 (1946); SDCL 25–7–7.

Child support should be a reasonable amount, "suitable to the children's circumstances and situation in life and the father's financial means and ability to pay." *Wallahan v. Wallahan*, 284 N.W.2d 21, 27 (S.D. 1979). We do not think $130 per month child support is adequate for this child.

■ Defendant also argues that she is entitled to possession of the marital dwelling. Plaintiff has a small equity in a $27,500 house which he acquired one year before the marriage. He has made $2,071.71 worth of repairs to this house in addition to supplying the down payment and monthly payments. Other than the home and their vehicles, the parties neither owned nor acquired major items of property during the short-lived marriage. Both are healthy and competent to earn a living. Defendant contributed little, if anything, to the accumulation of property. We have often said that the factors to be considered in a division of the property include, "the duration of the marriage, value of the property, the ages of the parties, the parties' state of health and competency to earn a living, the contribution of each party to the accumulation of the property, and the income-producing capacity of the parties' assets." *Hansen v. Hansen*, 273 N.W.2d 749, 751 (S.D.1979). In considering these factors and making a division of property, we have given the trial court broad discretion and will not set its judgment aside unless it clearly appears to be an abuse of discretion. *Meinders v. Meinders*, 305 N.W.2d 404 (S.D.1981); *Hansen v. Hansen*, supra. In view of the equities and circumstances here, the trial court did not abuse its discretion.

■ Finally, defendant argues that the award of attorney fees was unreasonable. It is enough to say that this case did not involve complicated issues of grounds for divorce, custody of children, nor consideration of lists of costly property to be valued and large debts to be divided. Even though the settled record contains a lengthy ledger of defendant's attorney's time, an award of attorney fees rests in the sound discretion of the trial court. *Hansen v. Hansen*, su-

pra. The trial court did not abuse its discretion by ordering plaintiff to pay defendant's attorney fees in the amount of $700.

We have reviewed defendant's remaining arguments and find them to be without merit.

We affirm in part, reverse in part, and remand for a determination of the amount of child support.