2003 SD 120

**Diane Marilyn GUTHMILLER, Plaintiff and Appellee,**

v.

**Kevin Dean GUTHMILLER, Defendant and Appellant.**

No. 22719.

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2003.

Decided Oct. 1, 2003.

Wanda Howey–Fox of Harmelink & Fox, Yankton, SD, for plaintiff and appellee.

Michael D. Stevens of Blackburn & Stevens, Yankton, SD, for defendant and appellant.

MEIERHENRY, Justice.

[¶ 1.] At issue in this appeal is the failure of the trial court to determine a value of the husband's insurance business when dividing the marital estate in the divorce action. We reverse and remand.

[¶ 2.] Diane Guthmiller filed a divorce action against Kevin Guthmiller. The main issue for the trial court was valuation and distribution of the marital estate, which consisted of a comprehensive list of 286 marital assets and debts. The parties agreed that the divorce would be granted on grounds of irreconcilable differences. They also agreed to joint legal custody of the three children with Diane having physical custody. Neither party sought alimony. The trial court placed a value on each asset and debt except for one of the assets—Kevin's insurance business known as "Guthmiller Insurance."

[¶ 3.] Guthmiller Insurance consists solely of Kevin as a self-employed insurance agent for American Family Insurance. As an agent for American Family, Kevin only owns his office furniture while American Family owns the insurance policies, the office equipment and supplies of the business. He also depreciates his personal vehicle as a business expense. His source of income from the business is based on the commissions he receives from the sale of insurance policies. He receives commissions on premiums for new policies he sells and commissions from premiums collected from renewals of insurance policies sold in prior years. During a previous eight-year period, the annual renewal pre-

miums ranged from $42,800 to $68,000.[1] His annual net earnings from the business from new and renewal premiums averaged $30,000 a year.

[¶ 4.] Neither party presented expert testimony of the value of the insurance business. Diane testified that she estimated the value of Guthmiller Insurance at $62,177.80. She based her estimate on the average annual renewal premiums for the past eight years. Kevin, on the other hand, valued the business at zero. The only other testimony concerning value was from a representative of American Family who testified that in the event the contractual relationship between American Family and Kevin ended, the company would pay Kevin $33,873.01 for the renewal premiums over a five or ten-year period.

[¶ 5.] At the conclusion of the testimony, the trial court determined that the marital estate was to be divided equally between the parties. In its findings, the trial court methodically valued each item and awarded the item to one of the parties, except for the insurance business. The court noted that neither party had presented expert testimony as to the value of Kevin's insurance business. Nevertheless, without placing a value on the insurance business, the trial court distributed 40 percent of Kevin's gross renewal income from Guthmiller Insurance for the next ten years to Diane, 60 percent to Kevin. Kev-

in appeals claiming that the trial court erred in its valuation and distribution of the business.

## ISSUES

1. **Whether the trial court erred in its valuation and distribution of the marital estate.**

## DECISION

[¶ 6.] This Court has previously held that failure to value a marital asset constitutes an abuse of discretion and is reversible error. As we stated in *Guindon v. Guindon* "[a] trial court must place a value upon all of the property held by the parties and make an equitable distribution of that property." 256 N.W.2d 894, 897 (S.D.1977). A trial court's failure to place a value on a marital asset is an abuse of discretion. *Id.* "Failure to place a value on the property of the parties for purposes of equitable distribution is reversible error." *Endres v. Endres*, 532 N.W.2d 65, 68 (S.D. 1995) (citations omitted). Here, the trial court should have made a specific finding regarding the value of Guthmiller Insurance before making an equitable distribution. The court merely surmised that the business was worth "something" and then proceeded to distribute 40 percent of the future renewal premiums for the next ten years to Diane.[2]

---

1. From 1994 to 2001, the renewal premiums he collected were as follows:

| Year | Amount of Renewal Income |
|---|---|
| 1994 | $ 42,800.00 |
| 1995 | $ 45,600.00 |
| 1996 | $ 49,000.00 |
| 1997 | $ 54,900.00 |
| 1998 | $ 58,000.00 |
| 1999 | $ 61,000.00 |
| 2000 | $ 68,000.00 |
| 2001 | $ 68,000.00 |
| Eight year total | $447,300.00 |

2. In valuing the business, the trial court stated on the record:

The insurance business, there's a dispute exactly how that is valued. Obviously, if it's a business that brings in a lot of return every year, which this clearly does, it shows that the renewals bring in the vicinity between forty and fifty thousand dollars every year, that has a clear value of some kind going into the future. I have no expert testimony upon which I can value that insurance business. I'm going to require that in full payment of the interest in that insurance business, which is a marital asset to be divided here, that for a period of 10 years

[¶ 7.] In this case, by not placing a value on the business, the trial court has created inequity in the property division contrary to its stated intent of dividing the marital estate one half to each party. For example, the court's manner of distribution is likely to result in substantial cash payments from the business to Diane over the next 10 years. Assuming the business collects renewal premiums commensurate with those collected over the last eight years, Kevin's gross renewals would be $50,000 to $60,000 annually. Forty percent of that would result in an annual payment to Diane of over $20,000—a substantial amount for a business, which only nets Kevin $30,000 a year.[3] Furthermore, the court still assumed that Kevin would continue to net $30,000 for purposes of child support calculation albeit he would be paying Diane 40 percent of his gross renewals. Kevin additionally claims that the trial court distributed the insurance business twice—once when the court awarded Diane forty percent of the gross renewals and the second time when it awarded him $33,873.01 as a retirement account based on those same renewals.

[¶ 8.] The trial court abused its discretion by not assigning a value to the insurance business. We reverse and remand for the trial court to determine the value of Guthmiller Insurance and equitably divide the property with the supplemented value. The value should be based upon the evidence or within a reasonable range of values presented to it. *DeVries v. DeVries,* 519 N.W.2d 73, 76 (S.D.1994). The trial court may set the value based on the current record or has the discretion to allow the parties to present additional evidence.

that Mr. Guthmiller will pay to the plaintiff 40 percent of those renewals each year. That gives him some compensation for the activity that will be used in keeping those renewals going.

[¶ 9.] We have reviewed the other issues presented and find them to be without merit.

[¶ 10.] The parties' request for appellate attorney fees is denied.

[¶ 11.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.

---

**3.** The renewals represented 59% of total receipts in 1999, 76% in 2000 and 85% in 2001.