**Jeanne E. VAUGHN, Plaintiff and Appellant,**

v.

**Floyd W. VAUGHN, Defendant and Respondent.**

No. 11774.

Supreme Court of South Dakota.

Argued Nov. 18, 1976.

Decided April 29, 1977.

Reed C. Richards, Richards & Richards, Deadwood, for plaintiff and appellant.

Thomas G. Fritz, Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for defendant and respondent.

DUNN, Chief Justice.

This action was originally commenced by a summons and complaint for a legal separation, but was later amended to an action for divorce. Depositions were taken, and trial of the matter was begun on April 10, 1974, and continued on July 22, 1974. Further proceedings were held on February 28, 1975, for interim support during the pendency of the action. On June 23, 1975, the

Eighth Judicial Circuit Court announced its decision, and the decree of divorce was entered June 26, 1975. Plaintiff moved for a new trial, alleging "insufficiency of the evidence and errors of law in that the evidence does not support the findings of the trial court," and that the decree was contrary to the law of divorce actions. The motion was denied. Plaintiff appeals the denial, claiming the permanent alimony award was too small, and the couple's property was inequitably distributed. We affirm.

Plaintiff, a native of France, and defendant were married in her country while defendant was stationed there during World War II. They came to the United States following the war, and from 1959 to 1972 plaintiff assisted defendant in various businesses and otherwise contributed to the family's income. In October of 1972, defendant left Deadwood and his wife, moving to Rapid City. Since that time, the couple has lived separately. The couple's only child has reached his majority and is emancipated.

In its decree, the court ordered defendant to pay to plaintiff $300 per month for her support and maintenance. It also awarded plaintiff the following:

1. Cash in plaintiff's possession,
2. A Rambler station wagon,
3. Lots and building housing plaintiff's apartment and a laundry business, free from any incumbrances thereon (defendant was ordered to discharge the outstanding mortgage),
4. Household furnishings and utility items,
5. Plaintiff's personal effects, and
6. Costs and attorney's fees of $2,000.

Defendant was awarded:

1. A Buick automobile,
2. Defendant's clothing and personal effects,
3. All checking and savings accounts, individual and joint, except for cash set aside for plaintiff,
4. All stocks, bonds, notes, mortgages, contracts for deed and policies of life insurance owned individually by defendant or jointly with plaintiff,
5. Certain property in Boulder Canyon, and
6. A silver coin collection valued at $1,200.

It was further ordered that plaintiff be secured in payment of the monthly support by retaining a lien on the Boulder Canyon property. This lien was subject to sale of the property by defendant, and plaintiff was ordered to make a partial release of the lien in the event of sales.

The Boulder Canyon property was the couple's principal asset, and evidence as to its value constituted a large portion of the trial. Defendant was at the time of trial endeavoring to develop the property and sell tracts to persons seeking to build and live there. The court valued the 320 acres at $500 per acre or $160,000 of the couple's $253,000 of total assets. The other major asset was the building housing plaintiff's apartment which the court valued at $50,000.

It appears that the court did not award plaintiff one-half or even one-third of the couple's assets. However, this court has ruled that in making an equitable division of property a court "is not bound by any mathematical formula but shall make such award from the material factors before [it] having due regard for equity and the circumstances of the parties." *Kressly v. Kressly*, 1958, 77 S.D. 143, 150, 87 N.W.2d 601, 605. The court here apparently felt it would be in both parties' interest to allow defendant, because of his knowledge and experience in real estate, to continue developing the land and selling it in small parcels as buyers could be found. See: *Foss v. Foss*, 1968, 83 S.D. 574, 163 N.W.2d 354.

In considering the trial court's determination of an equitable division of the property, we must consider the factors enumerated by this court in *Kressly v. Kressly, supra*. This was a marriage of long duration (twenty-six years at the time of the separation), that nearly all of the couple's property was accumulated through their joint ef-

forts during their marriage, that plaintiff is eight years older and in poorer health than defendant, and that defendant has a substantially greater earning capacity than plaintiff. However, to require defendant to make a forced sale of a large portion or of the whole block of land to a developer would, as the experts testified, substantially diminish the price per acre. The trial court stated its belief that "the most equitable manner would be in lieu of the property to permit" a permanent alimony payment.

While we are in agreement with the trial court's reasoning that the Boulder Canyon property should remain with the husband as he has the expertise to develop and sell this land and that a forced sale would materially lessen the value of the property, we cannot agree that the plaintiff is receiving a fair share of the total assets earned by joint efforts over twenty-eight years. The least the plaintiff should receive is a comfortable livelihood for the remainder of her life. She was sixty-one years old at the time of the divorce and in poor health. Thus we hold that she should receive the property assigned to her by the trial court plus an additional $200 per month alimony effective as of the date of the judgment, and that this total alimony of $500 per month be a lien against all of the assets of the defendant, including the proceeds of any sale of the development land. Further, the alimony shall continue during the wife's lifetime and the lien to secure payment shall continue against the husband's estate if he should precede her in death.

In addition to this, plaintiff receives $200 per month rental from a laundry business located in the building which houses her apartment. According to her testimony this rental pays for nearly all of the taxes, insurance and upkeep expenses of the building. Thus, this award provides plaintiff with free housing and $500 per month for other living expenses.

As modified in accordance with this opinion, the divorce decree is affirmed. No costs shall be taxed.

All the Justices concur.