LaVerna M. WIPF, Plaintiff
and Appellant,

v.

LaVern R. WIPF, Defendant
and Respondent.

No. 12286.

Supreme Court of South Dakota.

Dec. 28, 1978.

Thomas J. Farrell and Gene E. Pruitt of
Willy, Pruitt, Matthews & Jorgensen, Sioux
Falls, for plaintiff and appellant.

Robert L. Jones, Sioux Falls, for defend-
ant and respondent.

PER CURIAM.

This is an appeal from a judgment and decree of divorce entered by the Circuit Court for the Second Judicial Circuit. Plaintiff appeals from the portions of the judgment and decree of divorce which determine the property division and the alimony and child support payments.

LaVerna (appellant and LaVern (respondent) Wipf were married on April 3, 1959. One child, Karris Amber Wipf, who was sixteen at the time of trial, was born to the marriage. An extensive statement of the facts in this case is unwarranted and unnecessary. It is sufficient to say that the parties accumulated substantial debts during the course of their marriage and that, ultimately, various acts of the parties prompted appellant to file for divorce.

The trial court, after holding a trial and several hearings and after spending a great amount of time examining the financial condition of the parties, ordered that each of the parties be allowed to retain certain household property and automobiles and that the remainder of their property be turned over to a trustee for sale and settlement of their numerous liabilities, most of which were mortgages.* Any money remaining, which would likely be a rather small amount, was to be paid to appellant. Further, respondent was ordered to pay $50 per week for child support and $250 per year alimony. Appellant appeals the property division and the alimony and child support provisions.

■ It is settled law in South Dakota that this reviewing court will not disturb an award of alimony or child support or a division of property unless it clearly appears that the trial court abused its discretion in entering its judgment. SDCL 25–4–41; SDCL 25–4–44; *Guindon v. Guindon*, S.D., 256 N.W.2d 894 (1977); *Kittelson v. Kittelson*, S.D., 272 N.W.2d 86 (filed November 30, 1978). Upon a thorough examination of the record, we do not find that the trial court abused its discretion in any of the matters contested by appellants.

■ Appellant first contends that the property division was inequitable. However, the total assets and liabilities as found by the trial court were approximately equal. Therefore, aside from the personal items awarded to each party, which were minimal, there was no property to divide. Appellant argues that she did not incur many of the liabilities and should not be responsible for them, yet the trial court found, and the record clearly supports such a finding, that the debts were incurred for the benefit of both of the parties and their daughter. The debts were debts of the marriage and appellant is not entitled to avoid liability for them. Appellant's contention that the proceeds of the settlement that resulted from the automobile accident should not be included in the marriage assets is also without merit. Further, if there is any inequity in the property division, which we doubt, it is probably due to the fact that the trial court made its findings of fact and conclusions of law before the report of the trustee was complete. The trial court had intended not to make the final property division until the trustee had submitted its final report and the financial standing of the parties was certain. However, appellant persistently demanded that the trial court not await the trustee's report and finally, against its better judgment, the trial court divided the property without benefit of the report. If appellant has suffered any inequity, it was self-inflicted.

■ Secondly, appellant contends that the child support for their daughter, who has since attained majority, of $50 per week as ordered by the trial court was insufficient and was an abuse of discretion. We disagree. Upon consideration of the facts and circumstances of this case, we do not find the trial court's award of $50 per week for child support to be an abuse of discretion.

■ We also disagree with appellant's contention that the trial court's award of $250 per year alimony was inequitable and an abuse of discretion. Despite appellant's

* The propriety of the appointment of a trustee is not before us.

persistence, the trial court rejected a finding that appellant was unable to work due to poor health. Although there is some evidence to support appellant's contention, the trial court is the best judge of the credibility of the witnesses and the weight to be accorded the evidence. *Nicolaus v. Deming*, 81 S.D. 626, 139 N.W.2d 875 (1966). Additionally, respondent's ability to earn is not certain. At the time of trial he was on a leave of absence and had recently lost his status as an agent for all but one of the insurance companies he formerly represented, and the remaining insurance company had placed severe restrictions and conditions upon his future dealings with it. Under the facts and circumstances existing at the time of trial, we do not find that the trial court's award of alimony was an abuse of discretion. Should circumstances change significantly in the future, appellant is, of course, free to avail herself of her right to seek a modification of the alimony award.

As stated above, we do not find that the trial court abused its discretion or erred in its application of the law in any of the matters contested on appeal. The trial court had extensive information available to it that it utilized in reaching its decision. Appellant's assertion that the trial court failed to take certain factors into consideration in its decision is totally without merit. The trial court was keenly aware of appellant's position, as can be readily ascertained by a reading of the transcript of the trial and the subsequent hearings. Appellant's discontent with the trial court's findings of fact and conclusions of law does not necessitate their reversal.

Therefore, we affirm the decision of the trial court.