Darlene L. MICHAEL, Plaintiff
and Respondent,

v.

Jerome H. MICHAEL, Defendant
and Appellant.

No. 12365.

Supreme Court of South Dakota.

Argued Jan. 24, 1979.

Decided Jan. 16, 1980.

Duane C. Anderson of Christopherson, Bailin & Anderson, Sioux Falls, for plaintiff and respondent.

John E. Burke, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

Defendant husband appeals from the provisions of the judgment and decree of divorce that divided the property between the parties and ordered defendant to pay child support. We affirm in part, reverse in part, and remand for further proceedings.

The parties were married in May of 1956. Two children, a girl and a boy, ages sixteen and ten at the time of trial in April of 1977, were born to the marriage. Defendant left the marital home in May of 1972. Defendant does not contend that his conduct did not entitle plaintiff wife to a decree of divorce, and accordingly we will not discuss the facts that precipitated the dissolution of this marriage.

At the time of trial, plaintiff, who had had some twenty-six years of federal employment, was employed by the Small Business Administration at a GS–11 rating and at an annual salary of some $17,050.00. De-

fendant was employed by the National Federation of Independent Businesses and earned commissions of approximately $18,000.00 in 1976, out of which he was required to pay his own travel expenses of some $7,000.00 per year.

The parties were both forty-three years old at the time of trial and apparently are both in reasonably good health.

During the course of the marriage, the parties acquired two homes in Sioux Falls, one on Arcadia Road used as a residence by plaintiff and the two children, and the other on Duluth Avenue, utilized as rental property. Plaintiff contributed $1,841.00 of her pre-marriage savings toward the cost of the Duluth Avenue residence, which defendant constructed with the help of his father. Plaintiff contributed some $5,000.00 to the purchase price of the Arcadia Road property out of her savings from her salary during the marriage. From May of 1972 to the time of trial she paid some $9,300.00 on the mortgage on the Arcadia Road home out of her salary. Defendant testified that he had applied some $5,000.00 of his severance pay from a former employer towards the purchase price of the Arcadia Road property. Defendant paid the real estate taxes on that property during the period from May of 1972 to the time of trial. In addition, he repainted the interior of the Duluth Avenue residence in March of 1977 and made other repairs during that time.[1]

Defendant owned personal property, cash, and insurance policies having a total net value of some $3,500.00 at the time of trial. Plaintiff's personal property, cash, and insurance policies had a net value of approximately $7,100.00.

The trial court found that the parties' equity in the Arcadia Road residence totaled $45,680.00, and that their equity in the Duluth Avenue residence totaled $25,331.00. The trial court also found that defendant had taken some $4,800.00 in cash from joint accounts, together with a pickup truck having a value of $300.00, at the time he left the marital home in May of 1972.

Taking the value of the real and personal property as submitted by plaintiff and defendant's valuation of his minimal personal property and other liquid assets, the parties' assets totaled some $81,800.00.

The trial court awarded the Arcadia Road residence to plaintiff, together with the personal property therein. The parties were each awarded their respective automobiles; defendant was awarded his personal belongings. The decree provided that the Duluth Avenue residence should remain the joint and equal property of the parties, subject to joint rental or sale. A tax refund of $492.00 was divided equally between the parties, and the parties were awarded their own life insurance policies.

In sum, plaintiff received assets totaling some $65,500.00, or eighty percent of the total assets, with defendant receiving the remaining twenty percent, or some $16,165.00.

Plaintiff was awarded custody of the two children. Defendant was ordered to pay child support in the amount of $150.00 per month per child.

In reviewing defendant's contention that the trial court erred in making a division of the property, we start with the general proposition that under SDCL 25–4–44 the trial court has broad discretion in making a division of marital property. This court will not set aside or modify a trial court's decision in this regard unless it clearly appears that the trial court abused its discretion in entering its judgment. *Price v. Price*, 278 N.W.2d 455 (S.D.1979); *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D. 1979); *Kittelson v. Kittelson*, 272 N.W.2d 86 (S.D.1978). In making an equitable division of property, a trial court is not bound by

---

1. Defendant contributed to the support of the children following his departure in May of 1972. Plaintiff did not keep a record of this support until 1974. According to plaintiff's records, defendant had paid $3,903.00 in child support from 1972 to the time of trial. Defendant testified that during the period from May of 1972 to the time of trial he had paid some $7,988.00 in child support.

any mathematical formula but is to make the award on the basis of the material factors in the case, having due regard for equity and the circumstances of the parties. These factors include the duration of the marriage, the value of the property of each of the parties, the ages of the parties, their health and competency to earn, and the contributions of each of the parties to the accumulation of the marital property. *Kressly v. Kressly,* 77 S.D. 143, 87 N.W.2d 601 (1958).[2] See also *Hansen v. Hansen,* supra; *Lien v. Lien,* supra; *Vaughn v. Vaughn,* 252 N.W.2d 910 (S.D.1977); *Hanson v. Hanson,* 252 N.W.2d 907 (S.D.1977).

Considering this case in light of these factors, we see a marriage that existed, at least in legal terms, for some twenty-one years. Both parties are in reasonably good health. If anything, plaintiff has an earning capacity superior to that of defendant, inasmuch as a good portion of defendant's annual earnings are consumed by his traveling expenses. The picture that emerges from the pages of the record is that of a wife and mother who is hardworking, thrifty, and businesslike. Defendant appears in a somewhat lesser light. Notwithstanding his faults as a husband, however, defendant did make substantial contributions to the acquisition of the real property. It was his labor that constructed the Duluth Avenue residence. True, plaintiff was largely responsible for managing the rental of this property during defendant's self-motivated absence from the marital home, but nonetheless defendant had made substantial contribution towards its acquisition. Likewise, although plaintiff made the mortgage payments on the Arcadia Road residence during defendant's absence, defendant did pay the taxes on the home during this period. In addition, defendant made at least some contribution towards the support of the children during this time.

If we limit our review of the division of the property to only the real property assets, the disparity in the award is even more striking—some eighty-two percent to plaintiff and only eighteen percent to defendant.

■ Giving plaintiff due credit for her diligence, thrift, good business judgment, and prudent money management, we nonetheless conclude that the trial court's division of the parties' assets denied defendant an equitable share of the property. What that share should be we do not say, for that is a matter within the trial court's discretion in the first instance. Had this award been within a range more closely approximating the respective contributions of the parties, we would not be disposed to disturb it, for it is not our function to fine-tune, as it were, the handiwork of those unto whom it is committed to divide the property of parties to a failed marriage. A trial court's discretion in this area is broad indeed, but it is not unencompassed, and we conclude that this is a case in which we must exercise our appellate responsibility to afford the trial court an opportunity to review and modify its division of the property. See, e. g., *Hansen v. Hansen,* supra; *Vaughn v. Vaughn,* supra; *Hanson v. Hanson,* supra.

■ Defendant also contends that the trial court erred in fixing the amount of child support. The trial court made a finding with respect to the amount of support needed, including the special needs of one of the children. The evidence supports this finding, and accordingly we are not inclined to disturb this portion of the judgment and decree. If the circumstances of the parties and of the children have changed since the decree was entered, the trial court can take whatever action it deems warranted upon proper application for a modification of the decree.

Insofar as the judgment divides the property between the parties, it is reversed. The remainder of the judgment is affirmed, and the case is remanded to the circuit court for further proceedings.

All the Justices concur.

---

**2.** Except in certain limited circumstances, fault is no longer to be considered in making a division of marital property. SDCL 25–4–45.1.