**Shirley A. FINK, Plaintiff and Appellant,**

v.

**Bernard L. FINK, Defendant and Appellee.**

**No. 12777.**

Supreme Court of South Dakota.

Argued March 19, 1980.

Decided Oct. 1, 1980.

Doyle D. Estes of Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, for plaintiff and appellant; Michael B. DeMersseman, Rapid City, on brief.

Allen G. Nelson of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee.

WOLLMAN, Chief Justice.

Plaintiff appeals from the property award provisions of the judgment entered in her action for divorce. We affirm.

The parties were married on January 31, 1975. Plaintiff, who had been married twice before, was thirty–six at the time; defendant, who had had three prior marriages, was forty–four. Plaintiff had custody of three of her children from a prior marriage and was receiving $100 a month child support. At the time of the marriage, plaintiff owned a residence in Sioux City, Iowa, an automobile, and other personal property and cash, having a net value of $24,000. Defendant had a net worth at the time of $48,000.

During the year prior to the marriage, defendant had been seriously injured in a natural gas explosion. Although he had filed a claim for damages prior to the marriage, settlement of his claim did not occur until some seven months after plaintiff had commenced her action for divorce.

During 1975 and 1976 plaintiff earned a total of $16,000 from her employment, most of which the trial court found she utilized to make mortgage payments on her residence in Sioux City and for various other personal needs and family necessities.

In July of 1975, the parties decided to purchase the property that defendant had resided upon in Union County, South Dakota, for several years prior to his marriage to plaintiff. Defendant made the downpayment on the property and utilized the proceeds of a $6,000 loan to make improve-

ments upon the property. The trial court found that the value of plaintiff's labor performed in improving the property totaled $3,750.

In March of 1977, the parties sold the Union County property, realizing a profit of some $30,000. Shortly thereafter the parties purchased on a contract for deed real property near Nemo, South Dakota, known as the 4–T Guest Ranch, utilizing the $30,000 gain from the Union County sale as well as $5,000 that plaintiff realized from the sale of a mobile home.

In addition to the cash downpayment made on the purchase of the 4–T Guest Ranch, defendant assigned to the contract vendor his interest in his claim for personal injuries in the explosion case. In accordance with this agreement, the settlement proceeds of approximately $93,000, received in June of 1978, were placed in a savings account held jointly with the contract vendor. In September and December of 1978, defendant made payments on the contract out of this joint account in the amount of some $32,000.

Plaintiff assisted defendant in operating the 4–T Guest Ranch during June of 1977. Following an altercation with defendant, plaintiff left defendant on or about July 4, 1977, after writing a check in the amount of $1,500 on the 4–T Guest Ranch checking account. Plaintiff returned to the ranch in August of 1977 and resided there periodically until December of that year, at which time she moved to North Sioux City, South Dakota.

The trial court awarded plaintiff the personal property and cash that she had in her possession at the time of trial, totaling $14,400, and awarded defendant the personal property in his possession, having a value of $46,000. In addition, the trial court awarded plaintiff $8,750, which represented the amounts that the trial court found plaintiff had contributed to the improvement of the Union County property and to the purchase of the 4–T Guest Ranch property.

We recently restated the principles governing our review of a trial court's division of property in a divorce case:

In reviewing defendant's contention that the trial court erred in making a division of the property, we start with the general proposition that under SDCL 25–4–44 the trial court has broad discretion in making a division of marital property. This court will not set aside or modify a trial court's decision in this regard unless it clearly appears that the trial court abused its discretion in entering its judgment. *Price v. Price,* 278 N.W.2d 455 (S.D.1979); *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979); *Hansen v. Hansen,* 273 N.W.2d 749 (S.D.1979); *Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D.1978). In making an equitable division of property, a trial court is not bound by any mathematical formula but is to make the award on the basis of the material factors in the case, having due regard for equity and the circumstances of the parties. These factors include the duration of the marriage, the value of the property of each of the parties, the ages of the parties, their health and competency to earn, and the contributions of each of the parties to the accumulation of the marital property. *Kressly v. Kressly,* 77 S.D. 143, 87 N.W.2d 601 (1958). See also *Hansen v. Hansen,* supra; *Lien v. Lien,* supra; *Vaughn v. Vaughn,* 252 N.W.2d 910 (S.D.1977); *Hanson v. Hanson,* 252 N.W.2d 907 (S.D. 1977).

*Michael v. Michael,* 287 N.W.2d 98, 99–100 (S.D.1980) (footnote omitted).

█ Plaintiff contends that the trial court failed to award her an equitable share of the jointly acquired marital assets, arguing that the trial court almost totally ignored plaintiff's contribution to the accumulation of those assets. It appears from the findings of fact, however, that the trial court made a detailed analysis of the respective contributions of the parties. A review of the record satisfies us that the findings are not clearly erroneous and that the trial court did not abuse its discretion in dividing the property.

This was not a long–term marriage during which both of the parties contributed substantially towards the accumulation of

the jointly owned assets. Cf. *Michael v. Michael*, supra; *Price v. Price*, 278 N.W.2d 455 (S.D.1979); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D.1979); *Kittelson v. Kittelson*, 272 N.W.2d 86 (S.D.1978). No children were born of the marriage. Plaintiff is in good health and is capable of employment. She has had one year of business college. At the time of trial she was earning approximately $8,400 per year, in addition to receiving child support in the amount of $100 per month from a former husband. Defendant continues to suffer from the bodily injuries he received in the 1974 explosion. He will be required to undergo at least one additional operation for skin grafts and to straighten a finger on his right hand. Although he is able to do manual labor during the summer months, cold weather causes him to experience difficulty with his hands and legs. Defendant is required to wear special stockings because of the residual effects of the burn injuries to his legs.

All things considered, then, the trial court appears to have made a conscientious effort to consider the factors that we have held to be relevant in reaching a decision regarding the division of property in divorce cases. Although in some cases we have alluded to the percentages that each of the parties has received in determining whether the distribution was equitable in the light of all of these factors, see, e.g., *Michael v. Michael*, supra, the trial court is not bound by any mathematical formula in reaching its decision. *Kressly v. Kressly*, 77 S.D. 143, 87 N.W.2d 601 (1958). It is the assessment of the evidence in the light of the relevant factors that determines whether the trial court has reached an equitable distribution of the marital assets.

Plaintiff contends that the trial court erred in failing to consider the fault of defendant in dividing the marital assets. This argument is based upon an incident during which defendant allegedly struck plaintiff with a pop bottle, resulting in her hospitalization and precipitating the filing of the divorce action. Plaintiff argues that defendant's misconduct in striking her and in later refusing to permit her to assist in operating the guest ranch incapacitated her from making further contributions to the improvement of the guest ranch property and that accordingly the trial court should have considered these facts in view of SDCL 25–4–45.1, which provides:

Fault shall not be taken into account with regard to the awarding of property or the awarding of child custody, except as it may be relevant to the acquisition of property during the marriage or to the fitness of either parent in awarding the custody of children.

As stated above, the trial court found that plaintiff's contributions to the acquisition of the guest ranch property consisted of her labor in improving the Union County property and the $5,000 that she applied to the downpayment on the contract for deed. Additionally, the trial court found that plaintiff had withdrawn $1,500 from the guest ranch account and had refused to do any further work at the guest ranch after June of 1977 except for a few days in the fall of that year. Given these circumstances, then, we agree with the trial court that defendant's fault, if any, was not relevant to the acquisition of the guest ranch property.

Finally, plaintiff contends that the trial court erred in not treating the proceeds of the settlement in defendant's personal injury suit as marital assets subject to an equitable division between the parties.

In *Wipf v. Wipf*, 273 N.W.2d 124 (S.D. 1978), we held to be without merit the contention that the trial court had erred in including among the assets of the parties the proceeds of a personal injury settlement resulting from an automobile accident. Although not reflected in our opinion, the briefs on file in the *Wipf* case indicate that both parties were injured in the accident, which occurred during the course of the marriage, and that the trial court ordered both parties to endorse the settlement check, which represented payment of their respective claims, and to turn over the proceeds to the trustee for the payment of their debts.

In contrast to the situation in the *Wipf* case and in other cases holding that the proceeds of a personal injury suit are assets that should be divided between the parties in a divorce action, see, e.g., *Heilman v. Heilman*, 95 Mich.App. 728, 291 N.W.2d 183 (1980); *Kruger v. Kruger*, 73 N.J. 464, 375 A.2d 659 (1977); *Di Tolvo v. Di Tolvo*, 131 N.J.Super. 72, 328 A.2d 625 (1974), defendant's cause of action for personal injuries arose prior to the marriage. Moreover, the proceeds resulting from the prosecution of that cause of action were received nearly a year after plaintiff commenced her action for divorce. We conclude, therefore, that our holding in the *Wipf* case does not compel a result contrary to the trial court's holding that the settlement proceeds were not marital assets subject to distribution.

The judgment is affirmed.

DUNN, MORGAN and HENDERSON, JJ., and MILLER, Circuit Judge, concur.

MILLER, Circuit Judge, sitting for FOSHEIM, J., disqualified.