**Judith G. BUSCH, Plaintiff and Appellee,**

v.

**Gary A. BUSCH, Defendant and Appellant.**

**No. 12630.**

Supreme Court of South Dakota.

Considered on Briefs March 17, 1980.

Decided Oct. 29, 1980.

Robert L. O'Connor, Sioux Falls, for plaintiff and appellee.

A. Thomas Pokela of Braithwaite & Cadwell, Sioux Falls, for defendant and appellant.

PER CURIAM.

Defendant, Gary A. Busch, appeals from a judgment and decree of divorce ordering him to pay $400 per month child support and to convey all interest in the family home to plaintiff, Judith G. Busch. We affirm in part and reverse and remand in part.

Plaintiff and defendant were married on January 14, 1967. They have two children, ages four and eleven at the time of trial. Both parties are teacher-coaches. At the time of trial, plaintiff and defendant had base salaries of $14,040. In addition, plaintiff and defendant earned comparable additional income by coaching.

During their marriage the parties purchased a home for approximately $21,000. The house, subject to a $16,600 mortgage, is now worth approximately $40,000. Plaintiff was awarded full ownership of the house, subject to the mortgage. Defendant argues that a more equitable disposition is mandated.

Plaintiff and defendant were married eleven years. They had the same earning capacity. Both worked throughout the marriage. Both contributed equally to the

purchase of the house. Application of the well–settled principles governing review of a trial court's division of property in a divorce case to these facts indicates that the trial court abused its discretion by failing to award defendant an equitable share of the equity in the house as of the date of trial. *Currier v. Currier*, 296 N.W.2d 713 (S.D. 1980); *Hanks v. Hanks,* 296 N.W.2d 523 (S.D.1980); *Michael v. Michael,* 287 N.W.2d 98 (S.D.1980).

Defendant also argues that the $400 child support requirement is excessive. Our review of the record does not convince us that the trial court abused its discretion in setting the amount of child support for defendant's two children. *Wipf v. Wipf,* 273 N.W.2d 124 (S.D.1978).

Accordingly, that portion of the judgment of the trial court regarding division of the family residence is reversed, and the case is remanded to the circuit court for further proceedings consistent with this opinion. All other portions of the judgment are affirmed.