**Ellen Dianne SCHUMACHER, Plaintiff and Appellant,**

v.

**Albert Benjamin SCHUMACHER, Defendant and Appellee.**

No. 13088.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1981.

Decided Aug. 26, 1981.

John N. Gridley III, Sioux Falls, for plaintiff and appellant.

James Myers of Simons, Gibbs, Feyder & Myers, Sioux Falls, for defendant and appellee.

Timothy S. Perry, Sioux Falls, for Schumacher children.

PER CURIAM.

This is an appeal from a judgment and decree of divorce granting a divorce to each party. The parties were awarded joint custody of the two children; appellee, Albert Benjamin Schumacher, received "primary actual physical custody." Appellant, Ellen Dianne Schumacher, was granted a $20,000 interest in the home and the bulk of the personal property. This appeal concerns the custody determination and the property division. We affirm.

The parties were married for 16 years. At the time of trial, appellant was 34 and appellee was 35. Their sons were 13 and 15. During the marriage both parties were employed and each earned approximately $22,000 per year. In 1971, they purchased an $8,000 home now valued at $40,000. Both contributed money and labor for extensive home improvements.

Appellant contends that the trial court abused its discretion by placing physical custody of the teenaged boys with appellee. She claims that appellee is an unfit, irresponsible parent, prone to abusive and violent conduct toward her and the boys. The record, however, does not support appellant's characterization of the facts. Any unsavory conduct was mutual; neither parent, as the trial court noted, was perfect. The record also indicates that during the pendency of the action the boys moved out

of the home where their mother lived and into their father's apartment. The trial court examined both boys in camera and found that they had established a strong relationship with their father. We cannot say that the trial court abused its discretion by awarding custody in the fashion that it did. *Hanks v. Hanks*, 296 N.W.2d 523 (S.D. 1980); *Andera v. Andera*, 277 N.W.2d 725 (S.D.1979).

Appellant also contends that she is entitled to more than an equal share of the value of the marital home because her financial contribution to the project was greater than that of appellee. While appellant's financial contribution may have exceeded that of appellee, the award of one-half of the value of the home to appellant appears equitable in light of the fact that she received a disproportionately large share of the personal property. See *Leeper v. Leeper*, 301 N.W.2d 154 (S.D.1981), *Busch v. Busch*, 298 N.W.2d 95 (S.D.1980).

The judgment is affirmed.