Pauline HRDLICKA, Plaintiff and Appellant,

v.

Bobby HRDLICKA, Defendant and Appellee.

No. 13258.

Supreme Court of South Dakota.

Submitted on Briefs Aug. 10, 1981.

Decided Sept. 9, 1981.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Owen R. Wipf, Wagner, for defendant and appellee.

FOSHEIM, Justice.

The plaintiff wife appeals from a divorce judgment. We affirm the property division, and reverse and remand the child support award for redetermination.

The parties owned no property when they were married in 1959. Two sons were born. David on July 26, 1964 and Daniel on December 28, 1966. Following their marriage, the couple lived on a farm near Lake Andes, South Dakota, where the husband was employed at a salary of $40.00 per week. It soon became apparent that the parties could not live on the husband's earnings and appellee left the home to look for other employment, which he ultimately found in Rapid City, South Dakota. This work on construction jobs required living and traveling expenses. Appellee provided very little to assist his family and for the next several years while they continued to be separated, the wife carried the burden of supporting herself and the boys.

At the present time the husband is employed by the City of Lake Andes and earns in excess of $10,000 per year. The wife also has been employed, in Chamberlain, but now must undergo major surgery. They both own equities in houses. Appellee is now living with a woman by whom he has two daughters. He owns a snowmobile, a recreational boat with motor and a riding lawn mower. The evidence establishes that the defendant owes numerous debts and has two judgments recorded against him totaling $3,380.00. The appellant questions the property division and the sufficiency of the $40.00 per month per child support award. She also claims the trial court abused its discretion in granting appellee temporary custody of the boys for sixty days during the summer months, during which period the appellee's child support obligations are lifted. The appellant asks for costs and attorney's fees on this appeal.

It is the settled law in this State that this Court will not disturb the property division and child support determinations unless it clearly appears that the trial court abused its discretion in entering its judgment. *Wipf v. Wipf*, 273 N.W.2d 124 (S.D. 1978); *Kittelson v. Kittelson*, 272 N.W.2d 86 (S.D.1978); *Guindon v. Guindon*, 256 N.W.2d 894 (S.D.1977). That discretion, of course, is not an uncontrolled discretion, but rather a discretion that must have sound and substantial basis in the testimony. *Haskell v. Haskell*, 279 N.W.2d 903 (S.D. 1979); *Masek v. Masek*, 89 S.D. 62, 228 N.W.2d 334 (1975).

Obviously, the child support awarded to appellant is not adequate to maintain two maturing boys under present living conditions. Appellee's responsibilities to support these sons come before the luxury of recreational vehicles, or another family out of wedlock. In view of appellant's poor health, she needs help now. Even though for one-sixth of the year appellee will be supporting both sons, we conclude the child support allowance for the remainder of each year is inadequate and does not have a sound and substantial basis in the testimony. In all other respects the trial court's determinations were not an abuse of discretion.

The judgment is accordingly reversed and remanded as to child support. It is otherwise affirmed. Appellant is allowed three hundred dollars ($300.00) attorney fees on this appeal.

All the Justices concur.