Terry OSTWALD, Plaintiff and Appellee,

v.

Minerva Jane OSTWALD, Defendant and Appellant.

No. 13775.

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1983.

Decided March 9, 1983.

John J. Delaney of Amundson & Fuller, Lead, for plaintiff and appellee.

William Jason Groves of Groves & Fousek, Rapid City, for defendant and appellant.

HENDERSON, Justice.

## ACTION

This civil appeal is taken from an order denying relief, predicated upon an application for greater child support, after a showing on affidavits pursuant to an order to show cause. We reverse and remand.

## FACTS

Appellee Terry Ostwald and appellant Minerva Ostwald were divorced on February 14, 1978. Custody of the parties' two minor children was awarded to appellee. Subsequently, protracted disputes ensued and the parties entered into a stipulation the same year agreeing to a transfer of custody to appellant, with appellee to pay $50.00 per month per child until the age of eighteen. This stipulation was incorporated in an order. Appellee has at all times faithfully met his support obligation.

Appellant has been unemployed at all times relevant hereto, and is a recipient of Aid to Dependent Children (ADC) and food stamps. As required by SDCL 28–7–6.3, in order to receive ADC, appellant assigned her rights of child support to the State of South Dakota. Appellant receives $361.00 per month in ADC and $185.00 per month in food stamps, for a total income of $546.00 per month. Appellant's claimed expenses per month are $545.00. The children, both boys, are thirteen and fifteen years of age.

Appellant sought a modification of the divorce decree to increase appellee's child support obligations. The trial court's order denied appellant's request specifically finding: 1) appellant had assigned her support rights to the State of South Dakota; 2)

there had been no change of circumstances, and 3) that the existing support level was derived pursuant to a compromise after extended litigation.

## ISSUES

### I.

DOES AN ASSIGNMENT OF SUPPORT UNDER SDCL 28–7–6.3 REMOVE AN ADC RECIPIENT'S STANDING AND PROPER PARTY STATUS TO SEEK A MODIFICATION OF CHILD SUPPORT PAYMENTS? WE HOLD THAT IT DOES NOT.

### II.

DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING APPELLANT'S REQUESTED MODIFICATION OF CHILD SUPPORT? WE HOLD THAT IT DID.

## DECISION

### I.

Appellant cites *Erb v. Erb*, 573 P.2d 849 (Wyo.1978), in support of her position that SDCL 28–7–6.3 does not preclude an ADC recipient from securing a modification of support payments. In *Erb*, 573 P.2d 849, Wyoming did not have a statutory equivalent to SDCL 28–7–6.3.[1] Nevertheless, the ADC recipient therein, executed an assignment to the State of Wyoming assigning "All the support rights (accrued, pending and continuing) which I have against Daniel W. Erb * * * for support of Michael S. Erb, for whom I, Karen L. Moore, am applying for and receiving public assistance and care." 573 P.2d at 849 (deletion in original). Thirteen days later, the ADC recipient initiated a contempt action against her former husband who was behind in support payments. The trial court

---

1. SDCL 28–7–6.3 provides:

   An application for, or any acceptance of, aid to dependent children shall operate as an assignment by operation of law of all support rights from any person, which such applicant or recipient may have on their own behalf or on behalf of any other family member for whom the recipient is receiving assistance, including any support payments accrued and unpaid at the time of the assignment.

found the husband in contempt, whereupon the husband appealed claiming that the assignment removed the ADC recipient's standing to sue and the state was a necessary party to the litigation.

On appeal, Wyoming's Supreme Court applied W.R.C.P. 25(c), a statute identical to our SDCL 15–6–25(c), which provides:

In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in § 15–6–25(a).

Additionally, the Wyoming Court cited the following passage from 3B Moore's Federal Practice ¶ 25.08, at 25–77, 25–78 (2d ed. 1948).

Subdivision (c) of Rule 25 deals with transfers of interest during the course of the action. The situation with which it is concerned may be compared and contrasted to that obtaining where a transfer of interest, such as by an assignment, takes place *prior* to the commencement of the action. In the latter situation Rule 17 controls and requires that the action shall be prosecuted in the name of the real party in interest. But where the transfer of interest takes place *during the course of the action,* Rule 25(c) controls and provides that the action may be continued by or against the original party whose interest has been transferred, unless the court, upon motion, directs that the person to whom the interest has been transferred be substituted in the action, or joined with the original party. (Emphasis in original.) (Footnotes omitted.)

The Wyoming Court concluded that since contempt proceedings are part of original divorce actions, a contempt proceeding could be continued by the ADC recipient because she was the original party in interest.

In a recent Iowa case, *In re Marriage of Stutsman,* 311 N.W.2d 73 (Iowa 1981), an ADC recipient who had assigned her child support rights to the state brought an action to modify child support. A motion to dismiss was made by the father who contended the ADC recipient was not a real party in interest. In response, the Iowa Supreme Court held in *Stutsman,* 311 N.W.2d at 75:

The purpose of the real party in interest rule was described in *Ames v. Schill Builders, Inc.,* 274 N.W.2d 708, 713 (Iowa 1979), as "simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata."

The Iowa Court went on to hold that the purpose of the real party in interest rule was not frustrated here as either party, the state or the recipient, would be bound by a modification decision. Finally, the Iowa Court concluded:

Lastly, public policy dictates that we recognize a custodial parent's right to bring a modification proceeding to increase future child support payments. As a matter of equity, the noncustodial parent should pay the right amount of support. A custodial parent's effort to be released from the necessity of receiving ADC payments should not be thwarted.

*Stutsman,* 311 N.W.2d at 76.

We agree with the approach of our sister states of Wyoming and Iowa. It is our holding that either party, the ADC recipient or the State of South Dakota, has standing under applicable procedure of SDCL 15–6–25(c) to bring an action for modification of child support payments. One caveat must be noted. If the ADC recipient brings a modification action, we deem it in the best interests of justice that the recipient notify the Department of Social Services so that the State of South Dakota may intervene if it chooses.

Therefore, we reverse and remand for a new hearing wherein this appellant shall have standing.

## II.

Appellant urges that the trial court erred in failing to find a change of circum-

stances and to modify child support. In particular, appellant notes that appellee's affidavit did not disclose his income and the trial court refused to require appellee to produce his income, earnings, savings, and investment statements. Appellee would have us affirm the trial court because appellant's affidavit sets forth as the changed circumstances: "That since the entering of the Order modifying decree of divorce the Defendant's numerous expenses in raising the children has [sic] been subject to increase due both to the ages of the children and the continued pressures of inflation." Appellant's affidavit did, however, reflect that appellee had improved his living situation to the extent that he was purchasing real estate and constructing a new dwelling.

Our standard of review is well stated in *Hrdlicka v. Hrdlicka,* 310 N.W.2d 160, 161 (S.D.1981):

> It is the settled law in this State that this Court will not disturb the property division and child support determinations unless it clearly appears that the trial court abused its discretion in entering its judgment. *Wipf v. Wipf,* 273 N.W.2d 124 (S.D.1978); *Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D.1978); *Guindon v. Guindon,* 256 N.W.2d 894 (S.D.1977). That discretion, of course, is not an uncontrolled discretion, but rather a discretion that must have sound and substantial basis in the testimony. *Haskell v. Haskell,* 279 N.W.2d 903 (S.D.1979); *Masek v. Masek,* 89 S.D. 62, 228 N.W.2d 334 (1975).

In *Hrdlicka,* 310 N.W.2d 160, child support was $40.00 per child a month. Evidence was introduced that the father had another family out of wedlock and several luxuries, yet the custodial mother was unable to work because she was due to undergo major surgery. We reversed the trial court's failure to modify child support holding: "Obviously, the child support awarded to appellant is not adequate to maintain two maturing boys under present living conditions." *Hrdlicka,* 310 N.W.2d at 161.

In *Blare v. Blare,* 302 N.W.2d 787, 792 (S.D.1981), we held:

We take judicial notice that, during the three years since the divorce judgment was entered, this nation's economy has been subject to inflation and that with the advancing age of the children, the cost of food, clothing, and other necessities has increased.

*See also, Peshek v. Peshek,* 297 N.W.2d 323 (S.D.1980); *Karim v. Karim,* 290 N.W.2d 479 (S.D.1980).

Five years have elapsed since the entry of appellant's $50.00 per month per child support order. We hold that the trial court clearly abused its discretion in failing to inquire into appellee's current earnings and modify the child support order. This was a case in equity and the full financial circumstances of the appellee should have been produced, as requested by appellant. The judgment is accordingly reversed and remanded for an evidentiary hearing and ruling in compliance with our resolution of this issue.

Reversed and remanded.

All the Justices concur.