**Danielle M. SAMUELSON, Plaintiff and Appellant,**

v.

**George Wester SAMUELSON, Defendant and Appellee.**

**No. 14998.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 10, 1986.

Decided April 2, 1986.

---

* The *Helm* sentencing was reversed by the United States Supreme Court. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiff and appellant.

Ramon A. Roubideaux, Rapid City, for defendant and appellee.

RAMYNKE, Circuit Judge.

Danielle M. Samuelson (plaintiff) appeals from a judgment and decree of divorce. We affirm.

Plaintiff and Wes Samuelson (defendant) were married on July 28, 1977. Defendant adopted plaintiff's two sons from a prior marriage. One son, Bart, is a minor. The

divorce was granted to plaintiff. On appeal, plaintiff raises two issues.

Plaintiff's first issue is whether the trial court erred in refusing to require defendant to pay child support.

Two separate hearings were held before the circuit court. At both, plaintiff testified that she was fully capable of supporting Bart by herself. She testified that she was waiving a request for child support in return for concessions by defendant with respect to the property division. She at no time informed the court of the concessions she desired and there is nothing in the record to show that she did not receive consideration by the court in making the property division.

 It is proper for a court not to award child support where the custodial parent has specifically stated that child support is not needed and has offered no evidence regarding the ability of the noncustodial parent to provide support. *Haskell v. Haskell*, 279 N.W.2d 903 (S.D.1979). The absence of a child support order under these circumstances is not an abuse of discretion.

 Plaintiff's second issue is whether the trial court erred in dividing the personal property and in awarding defendant $40,000 for his interest in the real property of the parties. The court will consider the following factors in determining this issue:

(1) Duration of the marriage.

(2) Value of the property owned by the parties.

(3) Age of the parties.

(4) Health of the parties.

(5) Competency of the parties to earn a living.

(6) Contribution of each party to the accumulation of the property.

(7) Income-producing capacity of the property owned by the parties.

*Cooper v. Cooper*, 299 N.W.2d 798 (S.D. 1980). *Owen v. Owen*, 351 N.W.2d 139 (S.D.1984).

1. The marriage lasted six and a half years.

2. The real property, hereinafter referred to as the Keystone property, was valued at $175,000 by the one expert witness who testified. There is a $24,000 encumbrance against this property. The trial court set the real value at $150,000.

Each party had the personal property he or she owned before the marriage returned to him. The balance of the personal property was valued at $24,887 based on testimony from plaintiff and defendant.

3. The actual ages of the parties was not brought out, but both are in their active productive years.

4. Both parties are able-bodied and in good health.

5. Both parties are competent to earn a living.

6. In 1973 plaintiff and her previous husband purchased the Keystone property for $50,000. They made a $5,000 down payment and, at the time of plaintiff's marriage to defendant, there was a balance of $43,000 still owing. Plaintiff and her previous husband each retained an equity in the property following their divorce so plaintiff brought her equity into her marriage with defendant.

Defendant owned real property in Missouri which he sold for $9,000 after the marriage. He also had a 35% interest in a ranch which he inherited from his father. There was income from that property during the first years of the marriage. Defendant later liquidated the ranch for $30,000.

Plaintiff worked during the entire course of the marriage. Defendant was unemployed for approximately two years, but he did work in the business operated by the parties during that time and had independent income of approximately $500 a month from his share in the inherited ranch. The trial court balanced these factors and quite properly determined that each of the parties contributed equally to the accumulation of the marital property.

7. The real property is a home and acreage which does not presently produce any income.

In dividing the items of personal property acquired during the marriage the court allowed each of the parties to designate the items he or she desired. The bulk of the personal property went to plaintiff. The value of the property awarded to her was set by the court based on testimony from both parties. It totalled $17,487. The balance of the personal property went to defendant and was valued at $7,400. In order to equalize the property division the court ordered that defendant was to receive an additional $10,000 interest in the real property.

■ Plaintiff argues that the court should have figured the total value of the personal property, $24,887, divided that in half and ordered her to pay to defendant enough to bring his $7,400 share up to $12,443.50. This would result in each having an equal share of the personal property. Had the personal property been the only asset of the marriage this would have been proper. Since there was substantially more property owned in the form of real estate, however, it was not unreasonable for the court to equalize the personal property division by awarding defendant an additional $10,000 interest in the real property.

■ Defendant provided evidence that he used the $30,000 from his inheritance to buy out the interest of plaintiff's previous husband in the Keystone property. During the marriage he also contributed $1,666.67 toward the purchase of an additional 11.9 acres that bordered the Keystone property. The $9,000 he received from sale of his Missouri property was partially used to make payments against the mortgage on the Keystone property. Defendant's evidence established that he put a total of $3,460 in work and repairs to the Keystone house during the marriage. Defendant's share of the net profit from the sale of the parties' livestock sales company, $6,500, went into family living expenses and payments on the Keystone mortgage. There was a $43,000 debt against the Keystone property at the time of the marriage. During the course of the marriage that amount was reduced to $24,000. Defendant contributed substantially toward paying off that debt including interest from assets he had owned before the marriage and from his earnings during the marriage. According to his figures this amounted to $63,006. By allowing him a $40,000 interest in the property for his contribution the trial court did not err or abuse its discretion. There was ample evidence to reach such a conclusion.

■ The court allowed a $500 setoff to plaintiff to pay for feed and veterinary bills she incurred in caring for defendant's horses. This resulted in a granting of the $150,000 Keystone property to plaintiff and a $49,500 judgment to defendant which would remain a lien against the property until paid. This in effect gave one-third to defendant and two-thirds to plaintiff. Such a property division was proper and not an abuse of discretion. Plaintiff is in a much better position financially now than she was before the marriage. Defendant has been made whole for the contribution he provided.

■ Shortly before plaintiff filed for this divorce the parties borrowed $10,500 from the defendant's mother to start up a leather business. Plaintiff took the initiative in this business. She decided to sell it without the knowledge or participation of defendant. There were difficulties with the purchaser and the deal fell through. By then, the divorce was proceeding. Plaintiff made a personal promise to defendant's mother that she would pay the obligation. There remains $3,000 owing on the debt and there are still remaining assets which will be close to covering the amount owed. Plaintiff objects to the court's decision ordering that she pay off this debt. Plaintiff made a personal commitment to pay the debt, she has the assets from the business, and it is her obligation to pay the loan.

There has been no abuse of discretion by the trial court. The court went to great lengths to establish the contributions of the parties and the true valuations of the property as well as to try to meet the desires of

both parties in as even-handed a way as possible. The court's decision is substantiated by the evidence.

The judgment is affirmed.

FOSHEIM, C.J., MORGAN and WUEST, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

RAMYNKE, Circuit Judge, sitting for HENDERSON, J., disqualified.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.