Evelyn J. TUTTLE, Plaintiff
and Appellee,

v.

Russell Joseph TUTTLE, Defendant
and Appellant.

No. 15183.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1986.

Decided Jan. 14, 1987.

Leon J. Vander Linden of Delaney, Vander Linden & Delaney, Webster, for plaintiff and appellee.

Thomas P. Tonner of Tonner & Tonner, Aberdeen, for defendant and appellant.

MORGAN, Justice.

In this divorce action the former husband contends that the trial court abused its discretion in dividing the parties' property. We affirm.

The parties were married in January 1980 and were granted a divorce in September 1985. The circuit court granted the former wife a divorce on the grounds of extreme cruelty and divided the parties' property. Neither party was awarded support.

At the time of the trial in August 1985 the former wife was fifty-one years old and had five adult children. The former husband's age is not revealed in the record. Neither party claims any ill health or disabilities. Both parties had been married before.

At the time they were married, the wife paid several of the husband's debts amounting to approximately $6,000.

The wife's income was derived from the grocery store she operated, which netted approximately $12,000 annually. Before their marriage the husband had been a Webster city policeman and had done some construction and carpentry work. During the marriage the husband worked some in the grocery store. Although he received no salary for his work in the grocery store, the wife provided the husband with approximately $45 a week spending money. He

admitted they lived comfortably while they were married. Since the divorce he has been employed as a maintenance man at a nursing home.

During their marriage the wife financed several business ventures, including a game arcade, a detective and security agency, a photo machine business, a laundromat, and the construction of an apartment. The most significant venture, a detective agency operated by the former husband, consumed $45,000 of the former wife's savings. Several loans from this venture remain. Of the several business ventures, only the apartment and the laundromat remain. The husband claims he put $10,000 of labor into the laundromat and apartment. The laundromat has net income of $900 per month. The wife now rents her home and receives rent of $250 monthly.

Initially, we observe that some of the husband's argument is based on *his* view of the facts rather than the facts as they were found by the trial court. *Cf. In re J.S.N.*, 371 N.W.2d 361 (S.D.1985) (attorney's brief misstated findings and conclusions). However, the former husband's counsel does not argue that any of the trial court's findings are clearly erroneous. For this reason we will look solely at the facts as found by the trial court to determine whether the court abused its discretion in dividing the property.

■ Although the trial court made a variety of findings as to various dollar amounts involved in this marriage, the effect of the court's distribution of assets and liabilities was essentially as follows:

|  | HUSBAND | WIFE |
|---|---|---|
| Net worth before divorce | $ 20,000 | $173,344 |
| Net worth after divorce: |  |  |
| Assets (store, house, auto) | —— | $118,000 |
| Clark property | $ 8,000 | —— |
| New York property | -0- | —— |
| Apartment | —— | $ 30,000 |
| Laundromat | —— | $ 25,000[1] |
| Total assets | $ 8,000 | $173,000 |
| Liabilities: |  |  |
| Security Bank ($17,135.88) | $ 8,567.94 | $ 8,567.94 |
| N.W. Bristol Bank ($14,368.44) | 7,184.22 | 7,184.22 |
| Ron Ells ($14,488.04) | 7,244.02 | 7,244.02 |
| Marilyn Brown ($12,000.00) | 6,000.00 | 6,000.00 |
| Electrical Contractor ($357.00) | 178.50 | 178.50 |

1. Although the trial court separately accounted for the husband's labor in improving the apartment and laundromat, the value of these assets necessarily must include the labor costs allocated to them. Therefore, we do not consider the husband's contribution in labor as separate from the value of these assets.

|  | HUSBAND | WIFE |
|---|---|---|
| Evies' Superette ($1,000.00) | $500.00 | $500.00 |
| Lumber Company ($1,042.86) | 521.43 | 521.43 |
| Total liabilities | $ 30,196.11 | $ 30,196.11 [2] |
| Net Worth (after divorce) | -$22,196.11 | $142,803.00 |

This division of property left the parties with essentially the same income property as when they entered the marriage, except for the laundromat and apartment, which were added onto the wife's grocery store.

Neither party disputes the factors that should be considered in dividing property in a divorce. They are:

(1) the duration of the marriage;

(2) value of the property owned by the parties;

(3) age of the parties;

(4) health of the parties;

(5) competency of the parties to earn a living;

(6) contribution of each party to the accumulation of the property;

(7) income-producing capacity of the property owned by the parties.

E.g. Cooper v. Cooper, 299 N.W.2d 798, 799–800 (S.D.1980).

■ The husband's primary objection is that the wife received all of the income property while he is still obligated to pay one-half of the debt. The husband's contention that he also should have been awarded some of the personal property is based on his assumption that the assets of the parties increased during the marriage.

The home and grocery store, as income-producing property, were the wife's at the beginning of the marriage. And the apartment and the laundromat are attached to the grocery store. Although the husband claims $10,000 worth of labor in these, his former wife also paid $6,000 of his debts when they were married and used up her savings in their ill-fated business ventures. Additionally, though wife received all the income property, the trial court found that her net worth declined by approximately $30,000 during their marriage and that she contributed $150,000 (apparently in income and assets) to the marriage. Thus, any assertion by the husband that the parties "accumulated" any personal or income property is untrue; the assets simply changed form, and, in fact, decreased. Moreover, the husband's contribution in labor was more than offset by the wife's contribution to the marriage.

This marriage lasted only five years. The husband is able to earn his own income. He contributed little to the income of the parties compared to the wife's contribution. Yet, he contributed equally to the decline in his wife's net worth while he lived comfortably with her. These factors lead us to conclude that the trial court did not abuse its discretion in requiring the husband to share in the debts while awarding the wife the assets she brought into the marriage. See, e.g., Samuelson v. Samuelson, 383 N.W.2d 867 (S.D.1986); Temple v. Temple, 365 N.W.2d 561 (S.D.1985).

The judgment is affirmed.

WUEST, C.J., SABERS, J., and FOSHEIM, Retired Justice, concur.

HENDERSON, J., dissents.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

2. Although the trial court did not make a finding as to the last four debts, the husband in his brief admitted that these debts existed. Appellant's Brief at 4. This admission is binding on the husband. Cf. Reichert v. Reichert, 77 S.D. 258, 90 N.W.2d 403 (1958) (admission in brief of controverted fact binding on party).

HENDERSON, Justice (dissenting).

Ex-husband's chief point on appeal is this: Judge, you gave her all of the income property (from whence the debt could be paid) but you require me to pay one-half indebtedness of the income property. Per the ex-wife's brief, he is unemployed. However, other evidence would show that he earns a meager wage, at this time, as a maintenance man. There is no way possible for him to pay approximately $30,000 in debt, which he has been ordered to pay, on the wages of a maintenance man. It is the income property which should pay off the debt and not maintenance man wages.

It is true that during this marriage, several businesses, in the free enterprise system, were attempted and fell by the way but each and every business resulted through a joint decision. Why, then, must he bear the brunt and the blame of all business failure? The trial court is punishing him for joint decisions. Moreover, and most importantly, the trial court and the Supreme Court have, as a base for the decision of this case, made this determination: That somehow, someway, the ex-wife should be placed back to the status quo from whence the marriage began. All considerations seem to be, let us look at what the wife had when she came into the marriage, and now make her whole by virtue of the Decree of Divorce. This is a "let's turn back the clock" philosophy in deciding divorce cases. Its base is the past and not the present. The trial court must adjudicate based upon what he has before him and not solely what the parties had when they came into the marriage. My point is: This Court has, on numerous occasions, set forth the principal factors to be considered by a trial court in making an equitable property division; yet, here, the entire decision is vented and directed and hinged on what property the ex-wife had when she came into the marriage. Explained another way: Only one factor seems to be considered, i.e., "the contribution of each party to the accumulation of the property."

Now, let us consider that last phrase. Are we meditating about the contribution during the marriage or the property brought into the marriage?

Under the decision of this Court, which affirms the trial court, ex-wife is given 100% of the personal property acquired *during the course of the marriage.* There was no real property acquired during the marriage; ex-husband is awarded equity left on his property in the town of Clark, which, at most, is $8,000 and property in New York which, it is conceded, has no value whatsoever. Oh, yes, he is awarded a jackknife, a silver dollar which his father once owned, and his "lab" [sic] dog.

When it came to awarding the debts, however, the trial court opened up the package. The husband was awarded one-half of all outstanding indebtedness, which is applicable to both the real property and personal property that ex-wife is receiving.

True, wife had a grocery store when the parties married,* but through the fruits of this man's labor, an "arcade" was built which thereafter became the "laundromat." It grosses approximately $900 per month. Also, as the fruits of ex-husband's labor, also attached to this grocery store, was a rather beautiful home or "apartment" that wife now lives in. She rents out her own home and receives $250 monthly. Therefore, this amounts to $1,150 per month gross income to her that she did not have before, all as a result of his labor. He receives nothing, absolutely nothing, for his labor. Again, to repeat, he is given one-half of all indebtedness. The theory, once more, upon which this Court and the trial court permits this inequity to be done is that ex-husband should be punished for participating, in a joint decision, on some businesses that failed and because she should be placed back into an economic position where she was (as close as it can be) when she entered the marriage. If one were to approach this decision from the thinking of the Supreme Court and the trial court, it could also be noted that he came

---

* Ex-husband was given "for spending money" the magnanimous sum of $45 per week for working in the grocery store. This does not approach the salary of carryout boys in grocery stores.

into this marriage with certain assets and leaves with at least a $43,000 loss. However, the "status quo" concept, i.e., "let's put the parties back where they started from" is not the proper manner in which to equitably distribute assets in a marriage. It is not the state of the law of the State of South Dakota and it is error. It is an abuse of discretion; therefore, I would reverse. *Owen v. Owen*, 351 N.W.2d 139, 141 (S.D.1984) (where we noted that "[t]he trial court's discretion is ... very broad; it is not, however, uncontrolled. A property disposition must soundly and substantially be based upon testimony and evidence."). *See Ostwald v. Ostwald*, 331 N.W.2d 64, 67 (S.D.1983); *Hrdlicka v. Hrdlicka*, 310 N.W.2d 160, 161 (S.D.1981). Ex-husband is manacled with a debt he cannot pay and ex-wife has the income property to liberate the debt.